## STATE OF OREGON, *Respondent,*
### *v.*
## WILLIAM HARRY QUICK, II, *Appellant.*
### (No. 5969, CA 5058)
545 P2d 892

*Harold A. Fabre,* Pendleton, argued the cause for appellant. With him on the brief were Fabre & Ehlers, Pendleton.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

Defendant was indicted for assault in the first degree for recklessly firing a rifle at James Hill, seriously injuring him. After jury trial defendant was found guilty of assault in the third degree. ORS 163.165.

Defendant appeals, contending that the trial judge erred (1) in denying his motion for judgment of acquittal, and (2) in denying his "motion" that the victim was an incompetent witness and that the jury be instructed to disregard his testimony.

The shooting involved here arose out of the following circumstances: Mrs. Hill, the victim's wife, was a former girlfriend of defendant. Later they broke up and she married Hill. Shortly thereafter Hill began pressing a claim against defendant, asserting that defendant owed Mrs. Hill $45.

When defendant failed to pay the sum demanded, Hill began a systematic effort to collect by dunning defendant wherever and whenever he would see him. Some of these efforts at collection took the form of threats to third parties. Other efforts consisted of harassing defendant by chasing him by motor vehicle on the highways.

On the day of the shooting, defendant was driving his pickup on a country road in the vicinity of his home. Hill, who was also driving in the vicinity, saw defendant and proceeded to follow him. Defendant's pickup stalled a short distance from defendant's house. Hill drove his vehicle to a stop directly against defendant's vehicle. Defendant managed to get his pickup started and drove rapidly toward his house with Hill again in pursuit. Defendant ran into his house, secured and loaded his rifle and came outside to find that Hill's vehicle had turned around and was retreating down the road. When the Hill vehicle was about 1,300 feet away and disappearing from view, the rifle discharged. The bullet struck Hill in the back of the head causing severe brain damage.

In support of his first contention defendant argues in substance that the evidence shows that the rifle was fired unintentionally without aiming it and that the evidence did not permit the jury to find defendant guilty of criminal negligence.

■ After studying the record we conclude that the trial judge did not err in denying defendant's motion for judgment of acquittal. Contrary to defendant's arguments on this point, there was more than sufficient evidence of guilt to submit the case to the jury and to sustain the verdict of guilty of assault in the third degree. ORS 163.165(1)(b), 161.085.

Defendant's second assignment relates to Hill's inability to speak more than a few words when called as a witness by the prosecution.

■ We cannot agree with defendant that the trial judge should have instructed the jury that Hill was an incompetent witness under ORS 44.030(1), and that his testimony should be disregarded.

The record shows that defendant's counsel was in touch with the district attorney concerning Hill and was aware of Hill's condition before trial. Defendant could have requested a voir dire examination of Hill on the issue of Hill's competency as a witness. *See, State v. Pace,* 187 Or 498, 506-07, 212 P2d 755 (1949); *State v. Jorgensen,* 8 Or App 1, 492 P2d 312 (1971), Sup Ct *review denied* (1972). He did not.

■■ The mental capacity of a witness is a question for the trial court to decide in the exercise of sound legal discretion. *State v. Pace,* supra. We find no abuse of discretion here. The state was entitled to place Hill on the stand and have him present his version of this unfortunate incident; the trial judge did not err in admitting this testimony. The jury had sufficient evidence concerning Hill's condition to enable it to determine what weight it should give to his testimony. As we said in *State v. Longoria,* 17 Or App 1, 16, 520 P2d 912, Sup Ct *review denied* (1974), which involved tes-

timony of a witness in a criminal trial who was then confined under treatment for mental illness, in most instances the jury is and should be the ultimate judge of the quality of evidence of this type.

Affirmed.