Argued May 17, affirmed July 5, reconsideration denied August 11,
petition for review denied October 11, 1977

STATE OF OREGON, *Respondent,*

*v.*

RAY C. STANLEY, *Appellant.*

(No. 76-07888, CA 7823)

566 P2d 193

Scott M. Galenbeck, Springfield, argued the cause for appellant. With him on the brief was Lively & Wiswall, Springfield.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

## TANZER, J.

The defendant appeals from his judgment of conviction in the district court for driving while under the influence of intoxicants. The issues on appeal flow from a claim of prejudice based on the jury's knowledge of a breathalyzer test administered to the defendant at the time of his arrest, the result of which was excluded from evidence on defendant's objection.

Defendant first assigns as error the denial of his motions to determine the admissibility of the breathalyzer evidence in camera. He next assigns as error the denial of his motion for mistrial immediately following the sustaining of his objection.

The Supreme Court has held that the decision of whether to preliminarily determine in camera the admissibility of evidence is one for the discretion of the trial court. In *State v. Jordan,* 146 Or 504, 510, 26 P2d 558, 30 P2d 751 (1934), the Supreme Court said:

> "The better practice is that all doubtful questions of evidence or procedure should not be proposed or discussed in the presence of the jury. The court should exclude the jury while hearing the preliminary testimony on the question of the admissibility of evidence generally, or documentary evidence. Whether offers of proof should be made out of the presence or hearing of the jury is discretionary with the trial court. * * *"[1]

---

[1] The defendant contends that admissibility of breathalyzer evidence should always be determined preliminarily by the court in camera, under the reasoning of *Jackson v. Denno,* 378 US 368, 84 S Ct 1774, 12 L Ed 2d 908, 1 ALR3d 1205 (1964), and *State v. Brewton,* 238 Or 590, 395 P2d 874 (1964). Constitutional considerations control the admissibility of confessions which are not relevant here. Therefore, those cases are not in point. The Oregon Supreme Court noted in *Brewton,* 238 Or at 599:

> "* * * The holding of the Supreme Court [in *Jackson v. Denno*] was based on the premise that the trial jury called upon to determine the guilt or innocence of the defendant could not be relied upon to determine the voluntariness of a confession 'uninfluenced by the truth or falsity of the confession.' * * *."

*State v. Jordan,* also a confession case, was decided long before *Jackson v. Denno* and therefore may be considered to state a general rule rather than one specifically applicable to evidence of confession.

■ Similarly, rulings on motions for mistrial are addressed to the sound discretion of the trial court. *State v. Smith,* 4 Or App 261, 263-64, 478 P2d 417 (1970).

■ It is our function on appeal to review those rulings only for abuse of discretion. In the context of trial, abuse of discretion means the tolerance of uninvited prejudice. Prejudice, as it may flow from the denial of an in camera evidentiary hearing or of a mistrial, means a reasonable possibility that the judge or jury will be influenced in the performance of the fact-finding function by the irregular event. Whether that reasonable possibility exists must initially be determined by the trial court. The trial court is in the best position to determine the effect of the irregular event because such a determination must often take into account a sense of the courtroom atmosphere, the dynamics of the trial, the appearance of the parties and witnesses, and other intuitional and subjective factors which are seldom evident to appellate judges reading a transcript. Furthermore, the trial court is in a position to cure or minimize prejudice by taking immediate remedial action, whereas the only remedy available to the appellate court, reversal, is both late and drastic. Therefore the appellate court must defer to the trial court in matters of discretion unless it concludes as a matter of law, that is, beyond reasonable dispute, that the trial court abused its discretion by improperly tolerating uninvited prejudice.

The existence or not of prejudice in this case must be determined from a review of the challenged rulings in the sequential context of trial. There was no pretrial motion to suppress as evidence the results of the breathalyzer examination.[2] Defense counsel asked a juror on voir dire whether there had been breathalyzer

---

[2]The audio record contains a statement by the prosecutor indicating that defendant offered and the state declined to stipulate to a pretrial hearing on admissibility if the state would agree to waive its right to appeal an adverse ruling. If that was so, the defendant decided to take his chances and the trial court ruling was clearly correct. Since the record is not certain on this point, however, we do not rely on it.

evidence presented in a previous case in which she had served involving a charge of driving while under the influence of intoxicants. In opening statement, the prosecutor informed the jury that there would be evidence of the results of the breathalyzer test. The subject of breathalyzer evidence had been mutually opened and the jury's expectancy established.

After opening statements, the defendant first asked for an in camera hearing on the admissibility of the breathalyzer evidence. The court denied the request, preferring to rule after the state had laid its foundation and offered the evidence.

Again, during the testimony of the police officer, while in chambers on another evidentiary matter, defense counsel asked the court to hear the objection to the breathalyzer evidence in camera. The court denied the request and again said that it would give the state the opportunity to lay a proper foundation before ruling.

The state then examined the officer with the objective of laying a foundation for the admissibility of the breathalyzer results. The defense made several objections, one of which was sustained based upon a finding that the test had been improperly administered. The correctness of the ruling is not in issue, but the jury was clearly aware of the basis for the objection. The motion for mistrial was then made and denied.

The defendant contends that he was prejudiced because the jury was aware of the existence of incompetent evidence which they would infer to be indicative of guilt because the state offered it and the defense objected to it, and therefore the mistrial should have been allowed. The argument, however, cuts too far. Were there to be a mistrial required as a matter of law every time an objection to the admissibility of evidence is sustained for a deficient foundation, then prophylaxis would require that every bit of evidence to which objection might be made would have

to be heard by the judge prior to its submission to the jury. It would be absurd, however, to require two trials, first to the court, then to the jury.

█ █ The rule of *Jordan* is not absolute; it is a guide to discretion. No trial is perfect, either in expedition or in the impeccability of evidence. *Jordan* calls for a balancing of trial efficiency and avoidance of prejudice. Evidence which carries an unusual potential for prejudice should be ruled upon preliminarily, prior to trial in the case of state's evidence, ORS 138.060(3). Other evidence should be presented and ruled upon in the normal course of trial. When an objection to proffered evidence is sustained, the question posed by a motion for mistrial is not whether the jury is aware of the excluded evidence, for that is an unavoidable occurrence in the trial process, but rather whether their integrity as fact finders has been prejudicially compromised by that knowledge. As we noted above, that question is best answered by the trial court and we reach it only where the trial court has clearly erred.

█ In its rulings on the motion for mistrial, the trial court impliedly determined that no prejudice arose from the jury hearing the evidence of deficient breathalyzer procedures. Where there was no pretrial motion, where both attorneys had mentioned breathalyzer evidence prior to the officer's testimony, and where the reason for the exclusion of the evidence reflects negatively upon the reliability of that evidence, we cannot say as a matter of law that the hearing of foundation evidence before the jury influenced the jury in their fact-finding and that there was, therefore, as a matter of law, uninvited prejudice and abuse of discretion.

Affirmed.