Argued October 19, 1977, vacated in part; affirmed in part May 8, 1978

# STATE OF OREGON, *Respondent,*
## *v.*
# OZZIE BATCHELOR, *Appellant.*
## (No. C 76-07-10487, CA 7548)

578 P2d 409

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William Nessly, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was convicted after a trial by jury of first degree burglary and felony murder. Defendant contends on appeal that the trial court erred in limiting his cross-examination of a witness, in overruling his objection to the testimony of another witness who defendant claimed was not competent, in admitting into evidence photographs of the victim, and in entering separate judgments of conviction and sentence on each charge.

In order to fully understand defendant's assignments of error, it is necessary to recount some of the evidence. Sometime on the evening of February 9, 1976, the victim's apartment was broken into and the victim, an elderly woman, was stabbed to death. Several items were taken from the victim's apartment, including an air humidifier, a clock, a jewelry box, some jewelry and a fur coat. The victim's fur coat was sold sometime in February, 1976, by Eva Lee Dawson and Ilene Anderson. Dawson and Anderson testified that they had obtained the coat from defendant one evening in February, 1976, when defendant arrived in a somewhat distraught condition at the house of a George Bozman carrying the coat, a clock, jewelry and a jewelry box. Bozman testified that on one evening in February, 1976, defendant brought a humidifier, jewelry box, fur coat and other items to his house. Dawson testified that she sold the clock and jewelry box and gave the proceeds to defendant, who told her that he needed to get out of town in a hurry. Bozman testified that he later sold the humidifier to a medical equipment company.

Shortly after his arrest, defendant told a fellow prisoner that he had obtained a fur coat, humidifier, a clock and a jewelry box after stabbing and killing an elderly woman. At trial, defendant denied stabbing the victim and testified that Bozman, Dawson, Anderson and another man had killed the victim while defendant was in his car near victim's residence.

[ 49 ]

## I.

■ Defendant sought to introduce evidence that Anderson had been committed to Dammasch State Hospital for drug dependency, and to cross-examine Anderson concerning her drug use generally and whether she was under the influence of drugs on the evening in February, 1976, when she encountered defendant at Bozman's house. Anderson testified out of the presence of the jury that she used heroin on occasion, but that she was unable to remember whether she was under the influence of heroin on the night she encountered defendant. The trial court ruled that all evidence as to Anderson's commitment and drug use habits was inadmissible.

In *State v. Goodin,* 8 Or App 15, 30, 492 P2d 287 (1971), *rev den* (1972), we held that under the circumstances here existing such cross-examination is impermissible:

> " 'Although the authorities are somewhat conflicting, the rule supported by the majority of the cases seems to be that for the purpose of discrediting a witness, evidence is not admissible to show that he is a user of opium, morphine, or similar drugs, or to show the effect of the use of such drugs, unless it is proven that the witness was under their influence at the time of the occurrences as to which he testifies, or at the time of the trial, or that his mind or memory or powers of observation were affected by the habit.' " (Quoting from Annotation, 52 ALR2d 849 (1957).)

*See generally United States v. Hoffa,* 349 F2d 20, 47 (6th Cir 1965), *aff'd* 385 US 293, 87 S Ct 408, 17 L Ed 2d 374 (1966); *People v. Smith,* 4 Cal App 3d 403, 84 Cal Rptr 412 (1970); Annotation, 65 ALR3d 705, 722-23 (1975). As defendant failed to produce evidence that Anderson was under the influence of drugs on the night she encountered defendant in February, 1976, the trial court properly limited defendant's cross-examination.

## II.

■ Defendant next contends that the trial court improperly found Bozman competent to testify. ORS 44.030(1) provides that persons "of unsound mind at the time of their production for examination" are not competent witnesses. At the time of trial, Bozman had been committed to Dammasch State Hospital as a result of an overdose of insulin that he may have taken with an intent to commit suicide. Bozman had frequently used heroin in the past, and had undergone psychiatric outpatient treatment several times. Two psychiatrists testified that Bozman suffered from brain damage that was at least mild, and one of the two testified that Bozman suffered from schizophrenia. One of the psychiatrists testified that although Bozman's memory of recent events was impaired, his recall of events in February, 1976, was "surprisingly good," and the other psychiatrist noted that Bozman's mental condition was improving. Bozman testified out of the presence of the jury prior to the trial court's competency ruling, and his testimony about events in February, 1976, was internally consistent and not significantly less detailed than the testimony of other witnesses about the same events.

In *State v. Pace,* 187 Or 498, 506-07, 212 P2d 755 (1949), the court held that the competency of a witness is a question for the trial court to decide in the exercise of sound discretion. *See also State v. Quick,* 24 Or App 437, 440, 545 P2d 892 (1976); *State v. Longoria,* 17 Or App 1, 16-17, 520 P2d 912, *rev den* (1974). We conclude that the trial court's determination that Bozman was a competent witness was not an abuse of discretion.

## III.

■ Defendant next contends that the trial court erred in admitting into evidence two photographs of the body of the murdered victim. We have examined the photographs and conclude that the trial court did not abuse its discretion in admitting the photographs. As

the court noted in *State v. Freeman,* 232 Or 267, 275, 374 P2d 453 (1962), *cert den* 373 US 919 (1963):

"There is no reason to assume that the exhibits were employed to produce prejudice for its own sake, nor that their number * * * was excessive. The number of pictures admitted was within the sound discretion of the trial court. We find no abuse of that discretion. * * * The trial judge is in the best position to regulate the flow of evidence. In his discretion he will ordinarily exclude that which is clearly cumulative. Unless an abuse of discretion is shown, there is no error in permitting the state to put on such evidence as it may have. It would be unrealistic to say, after a verdict, that the state must be penalized for unnecessary roughness merely because an appellate court might believe that there would have been adequate proof to support the verdict without the challenged evidence. Further, to do so would be to speculate. As a practical matter, no one knows when the jury has had exactly enough evidence to satisfy the state's burden of proof."

## IV.

Defendant's contention that the trial court erred in entering separate judgments of conviction and sentence for the crimes of felony murder and the burglary which was relied upon to make the homicide felony murder is correct. *See State v. Fish,* 282 Or 53, 577 P2d 500 (1978).

Vacated in part; affirmed in part.