Argued February 22, reversed and remanded
for new trial April 2, 1979

STATE OF OREGON, *Respondent,*
*v.*
ALBINO MEDINA, *Appellant.*
(No. 18-099, CA 11371)

592 P2d 1042

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[467]

Before Schwab, Chief Judge, and Tanzer, Richard-
son and Roberts, Judges.

TANZER, J.

## TANZER, J.

Defendant appeals his conviction for driving while his operator's license was suspended. His sole cognizable assignment of error is the denial of a motion for a mistrial.

The arresting officer testified that after the car was stopped he observed the defendant move from the driver's seat to the passenger's seat, exchanging places with a passenger. The defense was that the defendant was not driving. The factual determination therefore turned solely on credibility of the arresting officer versus defendant and his witnesses.

The defendant and his witnesses were of Mexican origin and an interpreter was used.[1] At the commencement of direct examination of the defendant, the court commented:

> "All right. If you know the English language, answer the questions in order to avoid a lot of rigamarol here. You have been nine years in this country and you are working elsewhere and if you know the language."

Defense counsel promptly moved *in camera* for a mistrial:

> "[DEFENSE COUNSEL]: "If it pleases the Court, I am going to ask for a mistrial on the grounds of the Court's comments in front of the Jury that this man can testify without an interpreter and he has been in the country nine years and understands English.
>
> "THE COURT: That isn't what I said. I said if he understands it.
>
> "[DEFENSE COUNSEL]: It is a comment on the case that is prejudicial to this defendant and precludes him from obtaining a fair trial and due process.
>
> "THE COURT: The objection will be overruled. All right.

---

[1] Some mistaken information had reached the court that defendant had been observed speaking English to his lawyer. The information was based upon a misidentification.

"If he does not understand, he may ask it be interpreted for him, but if he does understand then he can answer directly.

"[DEFENSE COUNSEL]: Your Honor, I submit that this is also a comment, that this man does not understand to the point that we can do without an interpreter.

"THE COURT: I did not say that. I said if he did not understand he would ask for an interpretation. All right. Don't twist my words, [defense counsel]."

■ A motion for mistrial is addressed to the discretion of the trial court. *State v. Smith*, 4 Or App 261, 263-64, 478 P2d 417 (1970). We described the relative functions of the trial court and the reviewing court in *State v. Stanley*, 30 Or App 33, 36, 566 P2d 193 *rev den* (1977):

"It is our function on appeal to review those rulings only for abuse of discretion. In the context of trial, abuse of discretion means the tolerance of uninvited prejudice. Prejudice, as it may flow from the denial * * * of a mistrial, means a reasonable possibility that the judge or jury will be influenced in the performance of the fact-finding function by the irregular event. Whether that reasonable possiblity exists must intially be determined by the trial court. The trial court is in the best position to determine the effect of the irregular event because such a determination must often take into account a sense of the courtroom atmosphere, the dynamics of the trial, the appearance of the parties and witnesses, and other intuitional and subjective factors which are seldom evident to appellate judges reading a transcript. Furthermore, the trial court is in a position to cure or minimize prejudice by taking immediate remedial action, whereas the only remedy available to the appellate court, reversal, is both late and drastic. Therefore the appellate court must defer to the trial court in matters of discretion unless it concludes as a matter of law, that is, beyond reasonable dispute, that the trial court abused its discretion by improperly tolerating uninvited prejudice."

[470]

Accordingly, we generally uphold denials of mistrials, but affirmance is not automatic. *See, e.g., State v. Molatore*, 3 Or App 424, 428-29, 474 P2d 7 (1970).

■ The comment in this case may not have been intended to reflect negatively upon the defendant, but we conclude as a matter of law that there was a reasonable probability that the jury interpreted it as an indication of personal disapproval of the defendant by the judge. Because jurors are highly likely to be influenced by what they perceive as the attitude of the trial judge, small mistatements become big errors when uttered by the court. *Cf. State v. Bartlett*, 50 Or 440, 448, 93 P 243, 126 Am St R 751, 19 LRA(ns) 802 (1908). Therefore we conclude that the comment of the judge in this case was prejudicial.

The defendant candidly cites *United States v. Gomez*, 529 F2d 412 (5th Cir 1976), to the contrary. There the trial court, in the jury's presence, instructed the interpreter "* * * arrange yourself so you can sit between the two that claim they don't speak English. I know they do." 529 F2d at 419. The denial of the motion for mistrial was affirmed because the trial court gave general instructions on the function of the judge and jury. Federal authority is helpful, but not controlling. We disagree with the opinion in *Gomez.*

Reversed and remanded for new trial.