Argued and submitted December 21, 1979, affirmed in part;
reversed in part and remanded for resentencing February 19,
reconsideration denied March 27,
petition for review denied July 24, 1980 (289 Or 373)

## STATE OF OREGON,
*Respondent,*

*v.*

## REX LEE LARSEN,
*Appellant.*

## (No. 78-1070, CA 12636)

606 P2d 1159

[643]

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on

the brief was Gary D. Babcock, Public Defender, Salem.

Brian R. Barnes, Assistant District Attorney, Eugene, argued the cause for respondent. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Before Tanzer, Presiding Judge, Thornton and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

Following a trial by jury, defendant was convicted of: aggravated murder, ORS 163.095(2)(d); rape in the first degree, ORS 163.375(1)(a); sodomy in the first degree, ORS 163.405(1)(a); kidnapping in the first degree, ORS 163.235; escape in the second degree, ORS 162.155; and committed felon in possession of a weapon, ORS 166.275. The trial court sentenced defendant to a maximum life, minimum 20-year term of imprisonment for aggravated murder; 20 years maximum, 10 years minimum on each of the convictions for rape, sodomy, kidnapping and committed felon in possession of a weapon; and five years maximum, two and one-half years minimum on conviction for escape. In addition, pursuant to ORS 166.230, the trial court imposed a ten-year maximum, five-year minimum term of imprisonment as enhanced punishment for committing kidnapping while armed. All of the lesser sentences are to run concurrently with the life sentence for aggravated murder and consecutive to each other.

On appeal, defendant makes several assignments of error concerning evidentiary rulings by the trial court, the trial court's denial of motions for a mistrial, the trial court's overruling of his demurrer to the aggravated murder count of the indictment, the court's denial of his motion for acquittal on the charge of committed felon in possession of a weapon, and the multiple convictions and sentences entered by the court. We affirm, except we vacate the conviction for committed felon in possession of a weapon under ORS 166.275, and remand for conviction and sentencing for an exconvict in possession of a firearm under ORS 166.270.

The charges here arose out of the following events. Defendant, an Oregon State Penitentiary inmate, was living at the work release center in Eugene. On the morning of February 2, 1978, he checked out of the center to go to Lane Community College, but never

[645]

returned to the center. On the evening of February 3, 1978, he hired cab driver Paul Caves to drive him from Eugene to Florence, Oregon. Before leaving Eugene, Caves and defendant picked up Caves' girlfriend, Carol, and attempted unsuccessfully to obtain female companionship for defendant. While driving on the coast highway, Caves pulled the cab to the side of the road so defendant could get out momentarily. After two to three minutes, defendant suddenly reappeared, opened the back door of the cab and shot Caves twice in the head. Displaying a handgun, he pulled Carol out of the car and then off the road after she tried to flag down oncoming vehicles. After retrieving his duffel bag from the cab, defendant pushed Carol up an embankment, took a chain from the duffel bag, placed it around her neck and secured it with a padlock. He then chained Carol to a tree and returned to the cab. When he came back to Carol, he unfastened the chain from the tree, padlocked it through the duffel bag and moved Carol up a hill. After they stopped, defendant forced Carol to perform oral sodomy upon him and to have sexual intercourse. Subsequently, defendant abandoned Carol, who walked to the highway and encountered the police. Paul Caves died from the gunshot wounds.

Defendant's only defense to the aggravated murder charge at trial was that at the time he shot Paul Caves he suffered from a mental disease or defect that excluded his responsibility for the killing. Defense psychiatrists testified that at the time of the shooting defendant was suffering from paranoid schizophrenia. Specifically, the psychiatrists testified that defendant was under the delusion that Paul Caves was planning to hurt him, and as a result defendant shot Caves. Defendant's mental disease, it was stated, substantially impaired his ability to conform his conduct to the requirements of the law as to the murder, escape and weapons possession charges. The psychiatrists did not, however, relate the mental disease to the rape, sodomy or kidnapping charge.

[646]

In rebuttal, the state introduced expert testimony that defendant was a sociopath who could appreciate the criminality of his conduct and conform his conduct to the requirements of the law.

During the state's rebuttal closing argument, the prosecutor stated to the jury that if the jury found that defendant caused the death of Paul Caves for any reason in furtherance and in the course of the crimes of rape or sodomy, then defendant is guilty of aggravated murder regardless of whether the killing resulted from defendant's delusions. Upon defendant's objection to this statement, the prosecutor added:

> "If under a felony murder, aggravated murder principle, the *defendant is criminally responsible for the underlying felony*, that is in this case rape and sodomy, and all the psychiatrists agree, then if the killing occurs, it wouldn't matter what the reason was for it if it's in the course or furtherance of it." (emphasis added)

Still in the presence of the jury, the trial court stated, "I agree with Mr. Barnes [the prosecutor]," thus overruling the objection. The trial court subsequently denied defendant's timely motion for a mistrial. Defendant assigns these rulings as error.

ORS 163.115(1)(b) provides in pertinent part:
> "* * *[C]riminal homicide constitutes murder when:
> * * * * *
> "(b) It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants."

[647]

ORS 163.095 provides:

" '[A]ggravated murder' means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances:

"(2)(d) The defendant personally committed the homicide in the course or in the furtherance of the crime of robbery in any degree, kidnapping or arson in the first degree, any sexual offense specified in ORS chapter 163, or in immediate flight therefrom."

Defendant argues that the prosecutor in effect told the jury that mental disease or defect is irrelevant to aggravated felony murder, a misstatement of applicable law. The trial court's expressed agreement, he argues, compounded the error. We disagree with defendant's interpretation of the prosecutor's statements. As the emphasized material in the prosecutor's statements quoted above demonstrates, the prosecutor told the jury not that mental disease or defect would be irrelevant to aggravated felony murder, but rather that that defense is only relevant to the underlying felony, rape or sodomy in this case. That proposition is a correct statement of law. *See State v. Jensen*, 209 Or 239, 289 P2d 687, 296 P2d 618 (1956), *appeal dismissed*, 352 US 948, 77 S Ct 329, 1 L Ed 2d 241 (1957). *Cf. State v. O'Berry*, 11 Or App 552, 503 P2d 505 (1972), *rev den* (1973). Defendant does not challenge the trial court's instructions to the jury on the subject. We conclude that the trial court's rulings were not in error.

Defendant next contends that the trial court erred in admitting the following evidence: (1) that on the night previous to the shooting defendant had attempted to rape a young woman; (2) that four days after the shooting, defendant attempted a burglary; and (3) that defendant requested that a cellmate ask the victim of the attempted rape to take a vacation because her testimony would adversely affect his case. As a part of the same consolidated assignment of error, defendant contends that the trial court erred in denying his motion for a mistrial during cross-examination

[648]

of a defense psychiatrist when the prosecutor referred to a hypothetical bad act of defendant, where no evidence was offered to show that defendant had committed the act.[1] Defendant argues that these references to recently committed crimes and a hypothetical bad act denied defendant a fair trial.

In *State v. Goss*, 33 Or App 507, 512, 577 P2d 78, 81 (1978), this court stated "that when the mental condition of a defendant is at issue, except under unusual circumstances of a nature with which we are here not concerned, the history upon which an expert relies in making a diagnosis is admissible in evidence." *See State v. Wallace*, 170 Or 60, 131 P2d 222 (1942). The court noted that the possibility of prejudice to defendant was a factor to be weighed against the probative value of the evidence in determining admissibility. *See State v. Olds*, 35 Or App 305, 581 P2d 118, *rev den* (1978); *State v. Massey*, 34 Or App 95, 577 P2d 1364, *rev den* (1978).

In the present case, psychiatrists called by the state testified that defendant's conduct during the attempted rape and attempted burglary was relied upon in reaching a diagnosis and demonstrated defendant's ability to conform his conduct to the requirements of the law. Further, a psychiatrist called by the defense testified that defendant's statement to his fellow inmate concerning the testimony of the victim of the attempted rape would demonstrate defendant's appreciation of the wrongfulness of his actions.

We observe that, as defendant concedes, there is no real dispute that defendant committed the acts alleged in the indictment. At trial defendant's only defense was lack of responsibility due to mental disease or defect. Defense psychiatrists testified concerning specific acts in defendant's long criminal history and

---

[1] The prosecutor asked a defense psychiatrist, "If he wanted to go back to California to eliminate a witness, that wouldn't be so unusual, would it?"

[649]

their reliance upon this history in forming a diagnosis. The state adduced additional pieces of the history relied upon by its psychiatrists in forming a diagnosis in order to present a more complete picture. As the trial court ruled, the defense ran the risk of such a prosecutorial tactic when it introduced evidence concerning defendant's history in order to establish its defense of mental disease or defect. The trial court instructed the jury that the evidence of prior bad acts by defendant was not to be considered as bearing on the issue of guilt or innocence of the crime charged, but only on the issue of whether defendant was legally responsible.[2] We hold that the admission of the evidence was not error.

As to the hypothetical bad act referred to by the prosecutor, the trial court refused to allow continued questioning along those lines. Defense counsel did not request any immediate remedial action by the trial court.

A motion for mistrial is addressed to the sound discretion of the trial court. We review rulings on those motions only for abuse of discretion or "the tolerance of uninvited prejudice." *State v. Medina*, 39 Or App 467, 470, 592 P2d 1042 (1979), *quoting from State v. Stanley*, 30 Or App 33, 36, 566 P2d 193, *rev den* (1977). We find no abuse of discretion here.

---

[2] The trial court instructed the jury:

"I further want to caution you that there has been testimony of other specific acts of the Defendant, both criminal and otherwise, which are not part of the indictment against Mr. Larsen. Evidence of these acts are [*sic*] not to be considered by you as bearing upon his guilt or innocence of the crime charged.

"The psychiatric testimony and testimony of other acts of the Defendant is to be considered only in determining whether or not Mr. Larsen is legally responsible for the conduct. That is whether at the time of the conduct and as a result of the mental disease or defect the Defendant lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

[650]

We disposed of the contention advanced in defendant's third assignment of error in *State v. Reynolds,* 43 Or App 619, 603 P2d 1223 (1979).[3]

For his fourth assignment of error, defendant argues that the trial court erred in denying his motion for acquittal on the charge of "Committed Felon in Possession of a Weapon." ORS 166.275, which sets out the elements of the crime, provides:

> "Any person committed to any penal institution who, while under the jurisdiction of any penal institution or while being conveyed to or from any penal institution, possesses or carries upon his person, or has under his custody or control any dangerous instrument, or any weapon including but not limited to any blackjack, slingshot, billy, sand club, metal knuckles, explosive substance, dirk, dagger, sharp instrument, pistol, revolver or other firearm without lawful authority, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term not more than 20 years."

Defendant did not come into possession of the weapons involved until after he left the work release center.

Defendant's contention has merit. It is apparent that the intent of ORS 166.275 is to protect institutional security. The maximum penalty for violation of that statute is 20 years' imprisonment. Escape in the first degree, however, which may involve the use of a dangerous or deadly weapon to escape from custody or a correctional facility, ORS 162.165(1)(b), carries a maximum penalty of only 10 years' imprisonment. We decline to ascribe to the legislature the intent to punish a person more severely for the mere possession of any kind of weapon after escape than for the use of a dangerous or deadly weapon during an escape.

---

[3] Defendant also argues that the indictment did not sufficiently allege the crime of aggravated murder, since it did not sufficiently allege that he personally committed the homicide. Defendant does not argue that he was prejudiced in any way at trial by lack of notice of the charges against him, and did not raise this issue before the trial court. Therefore, we do not reach this question.

The jury, by finding defendant guilty of violation of ORS 166.275 under the indictment, necessarily found him guilty of violation of ORS 166.270, exconvict in possession of a firearm,[4] the violation of which was adequately alleged in the indictment.[5] We vacate the conviction under ORS 166.275 and remand for judgment of conviction and sentencing under ORS 166.270. *See State v. Rainwater*, 26 Or App 593, 553 P2d 1085 (1976).

Finally, defendant challenges the multiple convictions and sentences imposed by the trial court. Specifically, he argues that (1) the underlying crimes of rape and sodomy should merge into the conviction of aggravated felony murder; (2) only one conviction and sentence should arise out of the rape, sodomy and kidnapping charges; (3) imposition of an enhanced sentence for commission of a felony while in possession of a weapon is excessive in light of the conviction and sentence for committed felon in possession of a weapon; and (4) the multiple sentences imposed by the trial court are excessive.

The first three points were not specifically raised at trial. At the time of sentencing, defense counsel stated:

---

[4] ORS 166.270 provides in pertinent part:

"(1) Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns, or has in his possession or under his custody or control any pistol, revolver, or other firearms capable of being concealed upon the person, or machine gun, commits the crime of exconvict in possession of a firearm."

[5] The indictment alleged:

"[A]s part of the same act and transaction as set forth in Count I, Count II, Count III, Count IV and Count V herein, the defendant on or about the 3rd day of February, 1978, did unlawfully and with a culpable mental state have in his possession a revolver, a concealable firearm, a knife, and a shotgun without lawful authority, said defendant being under the jurisdiction of a penal institution having been committed to such penal institution for the crime of Burglary in the First Degree and having thereafter been placed by penal authorities at the Alder Street Work Release Center in Eugene, Oregon, contrary to statute and against the peace and dignity of the State of Oregon."

[652]

"* * * I would only say that under the law it appears that you have the power to sentence separately on the things like the rape, sodomy, where it was one transaction and really the kidnapping was all a part of that, also. That was just one transaction. It seems unfair to sentence him three times for that single offense."

In stating that separate sentences for rape, sodomy and kidnapping would be "unfair," defendant at best merely challenged the excessiveness of the separate convictions and sentences for those crimes.

The sentence for aggravated murder is to run concurrent with all other sentences. Further, the question of the merger of felony murder with the underlying felony was not a novel one at the time of sentencing. *See State v. Fish*, 282 Or 53, 577 P2d 500 (1978), *State v. Batchelor*, 34 Or App 47, 578 P2d 409 (1978). We cannot say that if any error was committed at trial it was egregious error and, therefore, do not reach the first three issues.[6] *See State v. Applegate*, 39 Or App 17, 591 P2d 371, *rev den* (1979).

We conclude that the multiple sentences imposed by the trial court are not excessive. *See State v. Dinkel*, 34 Or App 375, 579 P2d 245 (1978), *rev den* (1979).

Affirmed in part; reversed in part and remanded for resentencing.

---

[6] We observe that the facts of the present case are sufficient to show that defendant intended a degree of interference with the personal liberty of the victim of the kidnapping far greater than that ordinarily inherent in rape or sodomy. Therefore, a separate conviction and sentence for kidnapping is permissible. *See State v. Garcia, 288 Or 413, 605 P2d 671 (1980). Further, under Garcia*, the separate convictions and sentences for rape and sodomy are permissible.