Argued and submitted June 18, reversed and remanded December 1, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## GORDON CHARLES HANCOCK,
*Appellant.*

(No. 81 0842, CA A23448)

653 P2d 1304

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Daryl Dodson Wilson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

Van Hoomissen, J., concurring.

Thornton, J., dissenting.

## RICHARDSON, P. J.

Defendant was convicted of possession of a weapon by a person committed to a penal institution, ORS 166.275, and being an ex-convict in possession of a firearm. ORS 166.270. He appeals his conviction on the first charge. He contends that his motion for judgment of acquittal should have been granted because his conduct is not covered by ORS 166.275:

"Any person committed to any penal institution who, while under the jurisdiction of any penal institution or while being conveyed to or from any penal institution, possesses or carries upon his person, or has under his custody or control any dangerous instrument, or any weapon including but not limited to any blackjack, slingshot, billy, sand club, metal knuckles, explosive substance, dirk, dagger, sharp instrument, pistol, revolver or other firearm without lawful authority, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for a term not more than 20 years."

Defendant was an inmate of the Oregon State Penitentiary. Because he was due for parole in the near future, he was granted a temporary leave from the penitentiary to search for a job. During that leave and while living in a private residence, he was found to be in possession of a sawed-off shotgun.

He argues, citing *State v. Larsen,* 44 Or App 643, 606 P2d 1159, *rev den* 289 Or 373 (1980), that the statute is designed to protect institutional security and that he was not in the institution at the time he possessed the weapon. Essentially, he contends that the statute prohibits possession of weapons only in the institution or while being transported to or from it.

In *Larsen,* the defendant, an inmate of the penitentiary, was temporarily assigned to a work release center away from the penitentiary. He left the center without authorization, which was in essence an escape, ORS 162.155, and subsequently acquired a gun. He was convicted for violation of ORS 166.275. In vacating that conviction, we stated:

"* * * It is apparent that the intent of ORS 166.275 is to protect institutional security. The maximum penalty for

violation of that statute is 20 years' imprisonment. Escape in the first degree, however, which may involve the use of a dangerous or deadly weapon to escape from custody or a correctional facility, ORS 162.165(1)(b), carries a maximum penalty of only 10 years' imprisonment. We decline to ascribe to the legislature the intent to punish a person more severely for the mere possession of any kind of weapon after escape than for the use of a dangerous or deadly weapon during an escape." 44 Or App at 651.

The principal rationale of the decision in *Larsen* was that the defendant had effectively, albeit unlawfully, severed his ties with the penal institution and was no longer under direct custody supervision. Consequently there was no threat to institutional security by the defendant's possession of the weapon. In this case, too, defendant was no longer in the institution or under direct custody supervision. A threat to institutional security by possession of the weapon during his temporary leave simply did not exist.

The state presented evidence from a prison official that defendant was considered an inmate and would be an inmate until released on parole. The state argues that an inmate who is temporarily away from the institution and in possession of a weapon constitutes a threat to institutional security, because his status as an inmate may facilitate his smuggling the weapon into the prison on his return. Our conclusion in *Larsen* that the statute was designed to protect institutional security did not expand its reach to include all possession of weapons that potentially threaten institutional security. The statute does not penalize all possession of weapons by inmates, but only possession by inmates in a particular setting. That setting is within the institution or under its direct custodial supervision. Defendant's motion for judgment of acquittal on the charge of possession of a weapon by a person committed to a penal institution should have been allowed.

The court merged the two convictions and imposed sentence only on the charge of possession of a weapon by a person committed to a penal institution. The conviction on that charge is reversed, and the case is remanded for sentencing on the charge of exconvict in possession of a firearm.

Reversed and remanded for resentencing.

**VAN HOOMISSEN, J.,** concurring.

I concur in the result.

ORS 166.275 is a penal statute which cries for clarification. *See, e.g., State v. Larsen,* 44 Or App 643, 606 P2d 1159, *rev den* 289 Or 373 (1980). In the meantime, uncertainty as to legislative intent and the ambiguity in the statute must be resolved in favor of defendant. *Bell v. United States,* 349 US 81, 83-4, 75 S Ct 620, 99 L Ed 905 (1955); *State v. Perkins,* 45 Or App 91, 96, 607 P2d 1202 (1980).

Felons sentenced to imprisonment may not be committed to a specific correctional facility by a sentencing judge. Rather, the law requires that a judge commit a convicted defendant to the legal and physical custody of the Corrections Division, ORS 137.124(1), which thereafter may designate the particular corrections facility in which the felon is to be confined. ORS 137.124(2).

It is not clear to me what the phrase "any person committed to any penal institution" means. A sentencing judge is not authorized to commit anyone to a penal institution, and I doubt that the Corrections Division *commits* people to penal institutions. I also have difficulty with the phrase "while under the jurisdiction of any penal institution." I believe that technically a felon is always under the "jurisdiction" of the Corrections Division, not of the institution to which he or she may have been assigned. This case and *Larsen* should serve notice on the legislature that this statute needs reexamination.

**THORNTON, J.,** dissenting.

The majority holds, on the authority of *State v. Larsen,* 44 Or App 643, 606 P2d 1159, *rev den* 289 Or 373 (1980), that defendant cannot be guilty of possession of a weapon because ORS 166.275 does not apply when the convicted person is outside the penal institution. I cannot agree.

In *Kneefe v. Sullivan,* 2 Or App 152, 465 P2d 741, *rev den* (1970), we held that a work release enrollee who escaped while he was in physical custody in Multnomah

County in connection with work release was still in the constructive custody of the Oregon State Correctional Institution in Marion County and therefore could be tried on the escape charge either in Multnomah County or Marion County.

Similarly, in *State v. Wolfe,* 10 Or App 118, 121, 497 P2d 1222, *rev den* (1972), we held that a defendant who had been transferred from the correctional institution to work release for the purpose of attending the University of Oregon and who left the university without permission and was later apprehended in North Dakota was guilty of escape from the institution since he was technically an inmate of the institution at the time he escaped while on work release.

Here, defendant was committed to the Oregon State Prison and was under the jurisdiction of that institution at the time he was found in possession of a sawed-off shotgun. Defendant was both committed to a penal institution and under the jurisdiction of that penal institution when he unlawfully possessed the weapon. *State v. Wolfe, supra; Kneefe v. Sullivan, supra.* The conclusion is inescapable that the trial court did not err in denying defendant's motion for judgment of acquittal. Although *State v. Larsen, supra,* is distinguishable on the facts, I believe it was incorrectly decided for the reasons outlined above. I would therefore overrule *Larsen* and affirm the trial court here.

For the foregoing reasons, I respectfully dissent.