988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rex Lee LARSEN, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-36266.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-90-6366-HO, Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rex Lee Larsen appeals the district court's denial of his petition for a writ of habeas corpus. He was convicted in Oregon state court of aggravated murder, rape, sodomy, kidnapping, escape, and being a felon in possession of a firearm. Larsen argues that the district court should have granted his habeas petition because his trial counsel rendered ineffective assistance by failing to object to a jury instruction, his appellate counsel rendered ineffective assistance by failing to appeal the admission of certain statements he made to the police, perjured testimony was improperly introduced at trial, and he is entitled to an evidentiary hearing on his perjured testimony claim. We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The evidence at trial showed that on February 3, 1978, after failing to return to an Oregon State Penitentiary work release center, Larsen hired a cab driver, Paul Caves, to transport him from Eugene, Oregon to Florence, Oregon. Caves's girlfriend, Carol Noah, accompanied Larsen and Caves on the ride. Larsen left the cab at a rest stop and then returned to the cab and shot Caves twice in the head. Larsen forced Noah out of the cab and up a hill, where he raped and sodomized her. Larsen then left Noah, who found the police. Caves died from his wounds. On February 8, 1978, Larsen voluntarily surrendered to the police.
 
 
 4
 Larsen was convicted on September 6, 1978. His only defense at trial was insanity. On appeal, he conceded the truth of the facts alleged in the indictment.
 
 II
 
 5
 Larsen argues that his counsel should have objected to the following jury instruction, which allowed the jurors to consider lesser included offenses only if they had a reasonable doubt as to the charged offenses:
 
 
 6
 Now, if you have a reasonable doubt that the defendant is guilty of Intentional Murder, you should consider whether the defendant is guilty of Manslaughter in the First Degree.
 
 
 7
 If you have a reasonable doubt that the defendant is guilty of Kidnapping in the First Degree, you may then consider whether the defendant is guilty of kidnapping in the Second Degree.
 
 
 8
 This type of "acquittal first" instruction was found to be improper in State v. Ogden, 580 P.2d 1049 (Or.App.1978), which was decided six weeks before Larsen's trial and was published in the Oregon Advance Sheets two weeks before trial. Larsen contends that his trial counsel was ineffective in failing to object to this instruction based on the decision in Ogden.
 
 
 9
 In order to succeed on an ineffective assistance claim, a defendant must show that his attorney failed to render "reasonably effective assistance," Strickland v. Washington, 466 U.S. 668, 687 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. Even if Larsen's attorney failed to render reasonably effective assistance, Larsen's claim nevertheless must fail because he fails to demonstrate prejudice from his counsel's errors. Since he confessed to conduct supporting a verdict of aggravated murder, the only disputed issue at trial was whether the evidence supported an insanity defense. The only rational options for the jury were to convict Larsen of aggravated murder or to acquit him entirely. The jury's treatment of lesser included offenses is irrelevant.
 
 
 10
 Larsen argues that our decision in United States v. Jackson, 726 F.2d 1466 (9th Cir.1984) requires a contrary result. We disagree. In Jackson, the court found that "a rational jury could have concluded that defendant committed the lesser offense...." Id. at 1470. In the present case, there is no rational interpretation of the evidence which would have led to a conviction for a lesser included offense.
 
 III
 
 11
 Larsen also argues that his appellate counsel rendered ineffective assistance by failing to raise the impropriety of certain testimony and prosecutorial argument regarding statements allegedly made in the course of plea negotiations. The statements were made to police officers and reflected Larsen's desire to reach a bargain with the district attorney which would reduce his time in prison. The district attorney argued at trial that this evidence demonstrated that Larsen pursued an insanity defense only after failing to obtain such a bargain.
 
 
 12
 We conclude that Larsen's appellate counsel did not render ineffective assistance by failing to challenge admission of the statements. The Oregon evidence statute on which Larsen relies forbids the admission of "any statement or admission made by the defendant or the attorney of the defendant to the district attorney and as part of the plea discussions or agreement." Or.Rev.Stat. § 135.435(1)(c). The statements here were made to police officers and were not made in the course of plea negotiations. Similarly, this court's decision in United States v. Galindo, 913 F.2d 777 (9th Cir.1990), cert. denied, 111 S.Ct. 699 (1991), involved a reference by the trial judge to plea negotiations. Larsen offers no other authority to support his contentions that his statements to police officers were improperly admitted or that the prosecution improperly referred to the statements. Under these circumstances, his counsel did not fail to render reasonably effective assistance by failing to raise this issue on appeal.[1]
 
 IV
 
 13
 Larsen's final argument is that the prosecution introduced the perjured testimony of Patrick Mayer at trial. Mayer testified that he taught Larsen how to survive in prison by acting crazy and that Larsen threatened to kill Mayer's daughter if Mayer would not help him in criminal activities. Larsen introduced an affidavit in his state post-conviction proceeding in which Mayer stated that he "did not have a daughter at the time [he] knew and associated with [Larsen]."
 
 
 14
 The district court did not reach the merits of this claim because Larsen did not raise it in his direct appeal and because the state post-conviction court refused to consider the claim due to that procedural default. A procedural default will only be excused in a federal habeas corpus proceeding if the petitioner can show cause and prejudice for the default. Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977).
 
 
 15
 Larsen argues that because his direct appeal was decided on February 19, 1980, State v. Larsen, 606 P.2d 1159 (Or.App.1980), and the affidavit from Mayer was not obtained until February 8, 1988, "the factual or legal basis for [his] claim was not reasonably available to [his] counsel," Murray v. Carrier, 477 U.S. 478, 488 (1986), constituting cause for the procedural default. However, if Mayer did not have a daughter, the fact that Larsen did not threaten a nonexistent daughter would have been available to Larsen from the time that Mayer testified. Thus, the perjured testimony claim was not unavailable to Larsen on direct appeal, and he fails to show cause for his procedural default.
 
 
 16
 Because we do not reach the merits of Larsen's perjured testimony claim, we need not consider his contention that he is entitled to an evidentiary hearing on the claim.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Larsen's appellate counsel did raise nine claims, one of which led the Oregon Court of Appeals to vacate his sentence for being an inmate in possession of a weapon and order that he be resentenced as a felon in possession of a firearm. State v. Larsen, 606 P.2d 1159, 1163-64 (Or.App.1980)