Argued and submitted October 31, 2002, affirmed March 13, 2003

STATE OF OREGON,
*Respondent,*

*v.*

BISHOP TERRELL HAMILTON,
*Appellant.*

C002970CR; A113066

64 P3d 1215

Rebecca A. Duncan, Deputy Public Defender, argued the cause for appellant. On the brief were David E. Groom, Acting Executive Director, Office of Public Defense Services, and Meredith Allen, Deputy Public Defender.

Michael J. Slauson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals his conviction for possession of a weapon by an inmate of an institution, ORS 166.275.[1] He argues that he had not been "committed" to the institution as required by ORS 166.275 and therefore the trial court erred in denying his motion for judgment of acquittal.[2] In determining whether the trial court erred in denying a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). We affirm.

Defendant had completed a term of incarceration and was serving a three-year term of post-prison supervision. Defendant's supervising officer, Severe, promulgated a supervision plan that was approved by the Board of Parole and Post-Prison Supervision and that required defendant to reside at the Washington County Community Corrections Center as a "transitional lodger" (a person getting out of prison who has no place else to go). Severe testified that a certain number of beds are set aside at the corrections center for transitional lodgers. Defendant was placed at the corrections center because he had no residence or support network in Oregon and because of community concerns arising from the offense that defendant had committed. At the corrections center, defendant was under close supervision and was not permitted to leave the center without an escort. If he had left the corrections center without permission, he would have violated the terms of his post-prison supervision. During a search of defendant's dormitory, defendant was found in possession of a homemade knife. He was charged with and convicted of being an inmate in possession of a weapon. ORS 166.275.

ORS 166.275 provides:

---

[1] Defendant was also convicted for supplying contraband. ORS 162.185. He does not challenge that conviction on appeal.

[2] There was a trial to the court. At trial, defendant did not formally move for a judgment of acquittal. However, in his closing argument, he asserted that, as a matter of law, he was not "committed" within the meaning of ORS 166.275. That was sufficient to preserve this issue for appeal. *State v. Andrews*, 174 Or App 354, 358, 27 P3d 137 (2001).

"Any person committed to any institution who, while under the jurisdiction of any institution or while being conveyed to or from any institution, possesses or carries upon the person, or has under the custody or control of the person any dangerous instrument, or any weapon including but not limited to any blackjack, slingshot, billy, sand club, metal knuckles, explosive substance, dirk, dagger, sharp instrument, pistol, revolver or other firearm without lawful authority, is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the custody of the Department of Corrections for a term not more than 20 years."

On appeal, defendant argues that he was not "committed" to the corrections center. Defendant does not propose a definition of "committed" but rather proposes what it is not. Specifically, defendant asserts that he was on community supervision, and "committed" does not include such supervision. The state argues that defendant was "committed." Focusing on the broad language of the statute, the state asserts that a court-ordered commitment is not required and that commitment by the board is sufficient. At oral argument, defendant conceded that, under the statute, a person could be committed to an institution by an entity other than a court, but he insisted that that had not occurred in this case.

To answer defendant's assignment of error, we must interpret the statute's use of the term "committed" to determine the legislature's intent. In interpreting a statute, we follow the analysis set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993), and begin with the text and context of the statute.[3]

The plain purpose of ORS 166.275 is to protect institutional security. The prohibition on possession of weapons in ORS 166.275 applies broadly to "[a]ny person committed to

---

[3] Both parties refer to two cases that have previously interpreted this statute. *State v. Hancock*, 60 Or App 425, 653 P2d 1304 (1982) (the purpose of ORS 166.275 is to protect institutional security and therefore the defendant, who failed to return to the work release center, did not violate ORS 166.275 when he came into possession of a weapon outside the institution); *State v. Larsen*, 44 Or App 643, 606 P2d 1159 (1980) (same). Neither of the cases is factually analogous.

any institution who, while under the jurisdiction of any institution or while being conveyed to or from any institution * * *." The term "committed" is not defined by ORS 166.275 or any other related statute. At the time the statute was enacted in 1953, *Webster's Second New Int'l Dictionary* (unabridged ed 1950) defined "commit" to include "to put into charge or keeping," and "to put in charge of a jailer; to imprison * * *." Considering that definition along with the purpose of the statute, we hold that the phrase "any person committed to any institution" means any person placed into the charge or keeping of any institution.

As a condition of defendant's post-prison supervision, he was placed at the corrections center. Defendant was heavily supervised, subject to strict rules, and could not leave the corrections center without an escort. Given the facts, defendant was "committed" within the meaning of ORS 166.275. Consequently, the trial court did not err when it denied defendant's motion for judgment of acquittal.

Affirmed.