Argued and submitted December 21, 2001, reversed in part; otherwise affirmed
April 3, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## KARIN KAY GOTCHALL,
*Appellant.*

99-03-32388; A108861

43 P3d 1121

David E. Groom, Public Defender, and Walter J. Ledesma, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals from a conviction for possession of a controlled substance and for supplying contraband. In her first assignment of error, defendant argues that the trial court erred in denying her motion to suppress. We affirm the trial court's ruling on the motion. *State v. Amaya*, 176 Or App 35, 29 P3d 1177 (2001).

In her second assignment of error, defendant argues that the trial court erred by denying her motion for a judgment of acquittal on two counts of supplying contraband. In the first count, defendant was charged with introducing contraband into a correctional facility. *See* ORS 162.185(1)(a). Following *State v. Tippetts*, 180 Or App 350, 43 P3d 455 (2002), we reverse her conviction on that count. In the second count, defendant was charged with possessing contraband while being confined to a correctional facility. *See* ORS 162.185(1)(b). Although subsection (1)(b) prohibits different conduct than subsection (1)(a), the state does not argue that, in this case, that difference demands a different result from the one that we reach under subsection (1)(a). If defendant did not voluntarily introduce contraband into the correctional facility, we do not see how, on these facts, she could voluntarily possess that contraband once she was confined in the facility. Accordingly, we also reverse the second count.

Reversed as to both counts of supplying contraband; otherwise affirmed.