Argued and submitted April 30, reversed in part; remanded for resentencing; otherwise affirmed September 10, 2003

STATE OF OREGON,
*Respondent,*

*v.*

MARTIN ANTHONY GETZINGER,
*Appellant.*

990231400; A111670

76 P3d 148

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals his conviction for supplying contraband, which he was alleged to have committed by knowingly introducing contraband into a county jail. *See* ORS 162.185(1)(a).[1] At trial, defendant moved for a judgment of acquittal on the ground that the state had not adduced legally sufficient evidence of a voluntary act as required by ORS 161.095. *See State v. Tippetts*, 180 Or App 350, 43 P3d 455 (2002). The trial court denied that motion and, sitting without a jury, found defendant guilty. On appeal, defendant renews the argument that he made to the trial court. We reverse.

We view the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *State v. Hamilton*, 186 Or App 729, 731, 64 P3d 1215 (2003). On the day that he was taken into custody, defendant went to the Multnomah County Courthouse to respond to a bench warrant that was issued after he failed to appear for an earlier court proceeding. Defendant checked in with the issuing judge, who at that point informed defendant that he was going to be taken into custody and that he should wait in the hall. Defendant waited in the hall with his attorney for four to six minutes during which time he made several phone calls. Deputy Farrell arrived to take defendant into custody. Farrell asked defendant if he had any drugs or weapons, then frisked and handcuffed defendant. In the course of frisking defendant, Farrell removed defendant's wallet and other items and placed them in a property bag. Farrell then took defendant and the property bag to the courthouse jail facility, where an inventory of his wallet revealed a small bag that contained methamphetamine. Based on that discovery, the state charged defendant with supplying contraband by knowingly introducing methamphetamine into the county jail.

As noted, defendant unsuccessfully moved for a judgment of acquittal on the ground that the state failed to

---

[1] Defendant does not raise any assignments of error related to his conviction of possession of a controlled substance (PCS).

adduce legally sufficient evidence of a voluntary act as required by ORS 161.095. Specifically, defendant argued that, because he was taken involuntarily to jail, the state failed to adduce evidence of a voluntary act on which to base criminal liability. Defendant renews that argument on appeal, armed now with our decision in *Tippetts*, in which we held that a person's mere possession of an item when the person is arrested and booked into jail does not establish that the person committed a "voluntary act" of introducing the contraband into the jail. 180 Or App at 357.[2] Defendant asserts that this case is indistinguishable from *Tippetts* "except that the arresting officer physically removed the contraband from defendant's possession prior to entering the jail. Therefore, defendant's act was even further removed from a voluntary act than the defendant's act in *Tippetts*."

In response, the state relies on our suggestion in *Tippetts* that the voluntary act requirement of ORS 161.095(1) can be satisfied by conduct that includes, somewhere in the chain of causation, a voluntary act on the part of a defendant that foreseeably results in that defendant's involuntary act that, in turn, violates the law. Specifically, in *Tippetts* we noted that "ORS 161.095(1) requires only 'the performance by a person of conduct which *includes* a voluntary act.' " *Tippetts*, 180 Or App at 357 (emphasis added to statute in *Tippetts*). We then held out the possibility that the voluntary act requirement could be satisfied if "the involuntary act [is], at a minimum, * * * a reasonably foreseeable or likely consequence of the voluntary act on which the state seeks to base criminal liability." *Id.* at 358. By way of footnote, we referred to the commentary to the Model Penal Code (MPC), which cited an example drawn from a New Jersey case:

"In [*State v.*] *Gooze*, [14 NJ Super 277, 81 A2d 811 (1951),] the defendant chose to drive knowing that he was subject to epileptic seizures. He blacked out while driving and killed another person. Because the homicide was a 'likely' or 'reasonably foreseeable' consequence of the defendant's decision to drive, his voluntary decision to drive provided a

---

[2] Defendant's trial took place on June 27, 2000. Our decision in *Tippetts* issued on March 27, 2002.

sufficient basis to hold him liable for negligent homicide. *See* 81 A2d at 814, 816."

*Tippetts*, 180 Or App at 358 n 8.

The state argues that this case fits the MPC commentary and the example it cites. According to the state, defendant's conduct included the voluntary acts of going to the courthouse with drugs in his wallet, learning that he was going to be arrested, and then failing to dispose of his drugs when he had the opportunity to do so (*i.e.*, while waiting in the hall to be arrested). From that evidence, the state argues, a factfinder rationally could conclude that defendant chose not to divest himself of the methamphetamine, notwithstanding the fact that he had an opportunity to do so, and that his choice in that regard amounts to a voluntary act that was very likely to, and in fact did, lead to defendant's involuntary introduction of drugs into the jail.

The problem with that line of reasoning is that it disregards the fact that the criminal conduct at issue is the introduction of drugs into the jail. We emphasized in *Tippetts* that a voluntary act "requires * * * an ability to choose whether to commit *the act that gives rise to criminal liability*." 180 Or App at 356 (emphasis added). Here, defendant cannot be said to have committed, even involuntarily, the act that gives rise to criminal liability, because he was not in possession of the drugs when he was taken to jail. At that point, the drugs were in the possession of the arresting officer, Farrell, who had removed defendant's wallet containing the drugs and placed it in a property bag with other personal items belonging to defendant. In other words, Farrell, not defendant, committed the "act that gives rise to criminal liability" because it was Farrell who entered the jail with the drugs in his possession. Consequently, as a matter of law, defendant could not be found guilty on these facts of supplying contraband by introducing it into a jail, and he was entitled to a judgment of acquittal.

Conviction for supplying contraband reversed; remanded for resentencing; otherwise affirmed.