Argued and submitted June 30, reversed and remanded in part; otherwise affirmed
November 5, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## JAYSON BENJAMIN THAXTON,
*Appellant.*

## 99CR2576FE; A110205

79 P3d 897

Monica L. Finch, Deputy Public Defender, argued the cause for appellant. With her on the briefs was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.*

EDMONDS, P. J.

---

* Wollheim, J., *vice* Kistler, J., resigned.

## EDMONDS, P. J.

Defendant appeals from his convictions for possession of a controlled substance, ORS 475.992, and supplying contraband, ORS 162.185. He challenges only the conviction for supplying contraband. We reverse that conviction and remand for a new trial.

Defendant was a passenger in a car that was stopped for a traffic violation in Douglas County. When the officer approached the car, he immediately smelled an "overwhelming odor of burnt and green marijuana." When the officer asked about the smell, the driver handed him a pill bottle that contained dried marijuana. According to defendant, the officer then went to the patrol car for a short time. At that point, the driver took a handful of marijuana out of a Tupperware container behind the driver's seat and stuffed it in defendant's pocket. Defendant testified that he tried to remove some of the marijuana from his pocket, but it ended up all over the car and on his clothes. He also put some in his sock to hide it because he was afraid that he was going to get arrested for the driver's marijuana.

After those events, the officer returned to the car and noticed bits of marijuana on the front of defendant's shirt, on his pants, and on the floorboard by his feet; he had not previously seen any marijuana on defendant. At the same time, the driver handed the Tupperware container of marijuana to the officer. After other officers arrived with a scale, they determined that the total weight of the marijuana in the pill bottle and the container—excluding the marijuana on defendant's person and the floorboard, which they did not attempt to weigh—was just slightly more than one ounce. At that point, they arrested defendant and the driver. During the patdown search that followed, the officer found the remaining marijuana in defendant's pocket. He told defendant that there would be additional charges if anything more was found at the jail and asked defendant if he had any more marijuana; defendant denied that he did.[1] Defendant testified that worry over his arrest caused him to forget the marijuana in his sock until he was searched at the jail. During

---

[1] The officer gave defendant *Miranda* warnings before he asked the question.

that search he told the searching officer about the marijuana and handed the sock to the officer, who found some marijuana inside it. Based on this evidence, the jury convicted defendant of both charges.

■ Defendant first assigns error to the trial court's denial of his motion for a judgment of acquittal on the charge of supplying contraband. A person commits that crime if the person "knowingly introduces any contraband into a correctional facility * * *." ORS 162.185(1)(a).[2] Defendant points out that the minimum requirement for criminal culpability is "the performance by a person of conduct which includes a voluntary act or the omission to perform an act which the person is capable of performing," ORS 161.095(1), and that a voluntary act is "a bodily movement performed consciously * * *." ORS 161.085(2). He argues that he did not voluntarily introduce contraband to the jail because it was already in his possession at the time of his arrest; he went to the jail because of his arrest and thus not voluntarily.

We recently held that a person who is arrested while in the possession of contraband and taken to a correctional facility is not, by that fact alone, guilty of supplying contraband. *State v. Tippetts*, 180 Or App 350, 43 P3d 455 (2002). In *Tippetts*, the defendant was arrested at his home pursuant to a warrant. The arresting officers did not find any drugs or other contraband when they searched the defendant. However, a search at the jail revealed a small bag of marijuana in one of his pants pockets. He was convicted of supplying contraband.

On the defendant's appeal, we analyzed the relevant statutes and concluded that, in order to be liable for supplying contraband, the defendant had to perform a voluntary act directed toward introducing the contraband to the jail. We emphasized that it was not sufficient that the defendant was conscious or aware of the fact that he possessed contraband. Rather, the defendant had either to initiate the introduction of contraband into the jail or cause it to be introduced there,

---

[2] Marijuana is a controlled substance under the definition in ORS 475.005(6) and thus is contraband under the statute. ORS 162.135(1)(a)(A).

and he had to do so consciously. *Tippetts*, 180 Or App at 353-54. A voluntary act, that is, required a conscious decision to perform the act; the essence of a voluntary act under the statutory definition is the ability to choose to perform the act. *Id.* at 354-57. Both the wording of the statutes and their legislative history led us to conclude that a voluntary act that will support criminal liability requires "some evidence that the defendant had the ability to choose to take a particular action." *Id.* at 357. We rejected the state's argument that it was sufficient for the defendant to possess the marijuana voluntarily before his arrest, even though what happened thereafter was involuntary. Rather, we held, "the involuntary act must, at a minimum, be a reasonably foreseeable or likely consequence of the voluntary act on which the state seeks to base criminal liability." *Id.* at 358.

In *Tippetts*, the voluntary act on which the state relied was the defendant's possession of marijuana in his home before his arrest. However, the defendant did not know that he was about to be arrested and, thus, introducing the marijuana to the correctional facility was not a reasonably foreseeable consequence of that voluntary act. For that reason, we reversed the defendant's conviction for supplying contraband. *Id.* at 359. In reaching that conclusion, we rejected the trial court's holding—which the state did not attempt to defend on appeal—that the defendant could have avoided the charge by admitting possession of the marijuana before the officer discovered it. Rather, we noted that, without a sufficient promise of immunity, both Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution prevent the state from forcing a defendant to choose between admitting possession of a controlled substance and being charged with introducing that substance into a correctional facility. *Id.* at 353, 353 n 2.

In this case, there is evidence from which a jury could find that defendant voluntarily acted in a way that made the introduction of contraband to the county jail reasonably foreseeable. According to his testimony, defendant did not possess the marijuana until after he encountered the officers, and he did not obtain it by a voluntary act.

Rather, his possession was the result of the driver's independent action. A jury could find, however, that, when defendant hid the marijuana in his sock, he knew that the officers were likely to arrest him and take him to jail.[3] It could have found that defendant's actions were not merely so inept that his arrest and the discovery of the contraband were readily foreseeable consequences, *see State v. Delaney*, 187 Or App 717, 71 P3d 93 (2003). Rather, it could have found that putting the marijuana in the sock was a voluntary act directed toward introducing the contraband to the jail. At the time that defendant performed that act, it was reasonably foreseeable that he would be arrested and taken to jail while in possession of the marijuana, and the jury could have found that placing marijuana in the sock was an attempt to pass it through the search that would occur at the jail. The trial court did not err in denying the motion for a judgment of acquittal.

In his second assignment of error, defendant assigns error to the trial court's failure to instruct the jury that "[c]riminal liability requires the performance by a person of conduct which is a voluntary act or the omission to perform an act which the person is capable of performing." That instruction is a close paraphrase of ORS 161.095(1) and is in substance indistinguishable from that statute. It would have allowed the jury to decide whether defendant performed a voluntary act that resulted in his knowingly introducing contraband into the jail; the basis for his defense was that he had not done so. Defendant was entitled to have his theory of the case presented to the jury if there was evidence to support it and the proposed instruction was a correct statement of the law. *State v. Barnes*, 329 Or 327, 334, 986 P2d 1160 (1999); *State v. McBride*, 287 Or 315, 319, 599 P2d 449 (1979). The trial court refused to give the instruction because it did not agree with defendant's argument that the state had to prove that he performed a voluntary act, a disagreement that was

---

[3] We do not consider the effect of defendant's denial that he possessed any additional marijuana. Although that denial came after he received the *Miranda* warnings, and thus knew that he did not have to answer the officer's questions, the officer's suggestion that he would face additional charges if more contraband were found at the jail gave defendant an inappropriate Hobson's choice. *See Tippetts*, 180 Or App at 353 n 2.

erroneous under *Tippetts*. The question, then, is whether there is evidence to support defendant's theory of the case under the law as we construed it in *Tippetts*. We conclude that there is.

If it believed defendant's testimony, the jury could have found that defendant did not possess the marijuana as the result of his voluntary act but, rather, as the result of the driver's acts. If it did not believe that testimony, it could still have found that he possessed the marijuana before the stop. Thus, it could have found either that he voluntarily possessed it at a time when arrest was not reasonably foreseeable or that he possessed it involuntarily at a time when arrest was reasonably foreseeable. The first possibility is exactly like the situation in *Tippetts*, while the second does not involve even the level of voluntariness that existed in that case.[4] If the jury found one of those two things, defendant would be entitled to an acquittal under *Tippetts* unless the jury also found that he performed a conscious act directed toward introducing contraband to the jail.

We have already held that the jury could have found that defendant's voluntary act of putting marijuana in his sock was directed toward introducing it to the jail. However, the jury could also have found that that action was simply part of defendant's attempt to hide the marijuana in order to avoid arrest. We held in *Tippetts* that the defendant did not have to disclose his possession of contraband. That holding entails the corollary that he could attempt to conceal the marijuana in order to keep the officer from discovering it during the arrest—or deny possession of it—without thereby becoming liable for supplying contraband.[5] Thus, a jury could

---

[4] The jury could also, of course, have found that defendant voluntarily gained possession of the marijuana, at a time that arrest was reasonably foreseeable, as part of a joint attempt with the driver to reduce the amount of marijuana that the police found to an amount that would not permit an arrest.

[5] Under ORS 161.095(1), an omission to perform an act that the person is capable of performing may be the basis for liability. However, ORS 161.085(3) defines "omission" as "a failure to perform an act *the performance of which is required by law*." (Emphasis added.) The state does not identify any legal obligation that would require defendant to dispose of the marijuana after his arrest but before arrival at the jail. As we noted, in *Tippetts* we held that requiring a defendant to disclose possession of contraband to the police would violate constitutional self-incrimination provisions.

have found that he introduced the marijuana into the jail as an involuntary consequence of his arrest.

The state does not dispute that there is evidence to support defendant's theory of the case. Rather, it argues that the instruction was not a correct statement of the law as it applied to this case. It points to the second portion of the proposed instruction, which would have told the jury that it could base defendant's liability on an omission to perform an act that defendant was capable of performing. It points out that defendant argued to the trial court that that provision was irrelevant to the case because he had no legal duty to dispose of the marijuana after his arrest. Therefore, according to the state, that part of the instruction was an incorrect statement of the law under defendant's theory of the case, and, for that reason, the trial court did not err in refusing to give the instruction.

The difficulty with the state's argument is that its position in the trial court was that, whether or not defendant had acquired the marijuana as the result of a voluntary act, he had omitted to take the opportunity to dispose of the marijuana before entering the jail. The court clearly intended to let the state argue that position however it ruled on defendant's arguments. The second portion of the instruction related to that position and was thus relevant to the case. Indeed, without both portions, the instruction could have been incomplete by failing to inform the jury of all of the law that, in the trial court's view, applied to the issues that the parties raised. Whether or not the state's position was correct, the proposed instruction was a correct statement of the law in the abstract and was not irrelevant to the case as tried. The trial court erred in failing to give it.

Conviction for supplying contraband reversed and remanded for new trial; otherwise affirmed.