Argued and submitted July 31, reversed in part and remanded for resentencing; otherwise affirmed November 13, 2003

STATE OF OREGON,
*Respondent,*

*v.*

FERNANDO ORTIZ-VALDEZ,
*Appellant.*

C991766CR; A112073

79 P3d 371

Laura Frikert, Deputy Public Defender, argued the cause for appellant. With her on the opening brief was David E. Groom, Acting Executive Director, Office of Public Defense Services. With her on the reply brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals a conviction for attempting to supply contraband by knowingly introducing it into a correctional facility, ORS 162.185. The issue presented is the same as that presented in a series of recent cases—whether defendant was entitled to a judgment of acquittal on the ground that the state failed to adduce legally sufficient evidence of a voluntary act as required by ORS 161.095. *See State v. Tippetts*, 180 Or App 350, 43 P3d 455 (2002).[1] We agree with defendant that *Tippetts* controls in this case. We therefore reverse defendant's conviction of attempting to supply contraband and remand for resentencing.

The facts, which are not disputed, can be briefly recounted. Defendant, who was in the parking lot of a nightclub, repeatedly approached two women leaving the nightclub and tried persistently, but unsuccessfully, to sell them drugs. The two women got into their cars to leave. One of the women rolled down the passenger side window of her car to talk to another driver, at which point defendant placed his hand inside the window. As the woman began to roll the window up, defendant pulled his hand out of the closing window, breaking his watch as he did so. Defendant, upset about his broken watch, approached a nearby police vehicle (which was in the area on routine patrol) to complain about the woman's actions. One of the officers discovered that there were outstanding warrants for defendant's arrest. The officers therefore arrested defendant, transported him to jail, and gave him *Miranda* warnings. At the jail, an officer asked defendant if he had any knives, needles, or drugs on his person; defendant denied that he did. The officer then searched defendant and discovered a folded piece of paper in his sock that contained a white powdery substance. The substance turned out to be cocaine.

---

[1] *See also State v. Getzinger*, 189 Or App 431, 76 P3d 148 (2003); *State v. Gonzalez*, 188 Or App 430, 71 P3d 573 (2003); *State v. Delaney*, 187 Or App 717, 71 P3d 93 (2003); *State v. Becker*, 187 Or App 274, 66 P3d 584 (2003); *State v. Reed*, 180 Or App 460, 43 P3d 466 (2002); *State v. Gotchall*, 180 Or App 458, 43 P3d 1121 (2002).

Defendant was charged with, *inter alia*, supplying contraband. As noted, defendant unsuccessfully moved for a judgment of acquittal, arguing that he did not voluntarily introduce the drugs into the jail as required by ORS 161.095. He renews that argument on appeal, relying on our decision in *Tippetts*, which we decided after defendant's trial in this case. In *Tippetts*, the defendant was arrested following execution of a warrant to search his home. Officers searched defendant before booking him into jail and found marijuana in his pants pocket. 180 Or App at 352. We held that a person arrested while in possession of contraband and taken to a correctional facility is not, by virtue of his voluntary possession of the contraband alone, guilty of supplying contraband.[2] *Id.* at 358. Rather, we emphasized in *Tippetts* that a voluntary act "requires * * * an ability to choose whether to commit *the act that gives rise to criminal liability.*" *Id.* at 356 (emphasis added). Because there was no evidence that the defendant did anything more than voluntarily possess the contraband at the time he was arrested and taken to jail, we agreed that a judgment of acquittal should have been granted. *Id.* at 359.

Adhering to *Tippetts*, we reached the opposite conclusion in our recent decision in *State v. Thaxton*, 190 Or App 351, 79 P3d 897 (2003). There, the defendant was a passenger in a car that a police officer had stopped for a traffic violation. When the officer asked about the odor of marijuana wafting from the car, the driver handed the officer a bottle of dried marijuana. The officer returned to his patrol car briefly, at which point the driver stuffed a handful of marijuana into the defendant's pocket, and the defendant placed some of the marijuana in his sock. When the officer returned to the stopped car, he saw bits of what appeared to be marijuana on the defendant's clothing. The officer then arrested the defendant and patted him down, at which time the officer found the marijuana in defendant's pocket. At the jail, the defendant told the officer about the marijuana in his sock and handed it to the officer. *Id.* at 353-54. We recognized that, under *Tippetts*, to be guilty of supplying contraband, "the defendant had to perform a voluntary act directed toward

---

[2] As pertinent here, the crime of supplying contraband is committed when a person "knowingly introduces any contraband into a correctional facility[.]" ORS 162.185(1)(a).

introducing the contraband to the jail." *Id.* at 354. We concluded, however, that the facts in *Thaxton* provided evidence from which a jury could conclude that the defendant performed such an act. Specifically, a jury could have found that, "when defendant hid the marijuana in his sock, he knew that the officers were likely to arrest him and take him to jail" and "that putting the marijuana in the sock was a voluntary act directed toward introducing the contraband to the jail." *Id.* at 356. Consequently, we affirmed the denial of defendant's motion for judgment of acquittal.

The facts in this case line up with *Tippetts*, rather than *Thaxton*. As did the defendant in *Tippetts*, defendant voluntarily had the drugs in his possession (*i.e.*, in his sock) before any encounter with the police. In approaching the officers to complain about his broken watch, and in the course of engaging them and ultimately being arrested, defendant merely passively continued to possess drugs that were in his possession beforehand. Said another way, defendant did nothing affirmatively or consciously to take possession of the drugs or hide them on his person at a point that he knew that he was likely going to jail. So although defendant's possession of drugs in this case was a voluntary act, that voluntary act—unlike the defendant's conduct in *Thaxton* was not one that a jury could find was "directed toward introducing the contraband to the jail." *Thaxton*, 190 Or App at 356. For that reason, defendant's motion for judgment of acquittal should have been granted.

Conviction for attempted supplying contraband reversed; remanded for resentencing; otherwise affirmed.