**Robert B. TAYLOR, Sr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2009–SC–000180–DG.**

Supreme Court of Kentucky.

June 17, 2010.

Linda Roberts Horsman, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General, David Bryan Abner, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

This appeal involves a case of first impression in Kentucky. The issue is whether an individual who knowingly takes contraband into a detention facility, in violation of KRS 520.050(1)(a), has performed a voluntary act despite entering the facility involuntarily.[1] We agree with

1. For all crimes other than absolute liability offenses, KRS 501.030 requires both a culpa-

the Court of Appeals that a person who knowingly takes contraband into a detention facility does so voluntarily, even when entering the facility involuntarily, and that there is no violation of the Fifth Amendment right against self-incrimination. Hence, we affirm.

KRS 520.050 (promoting contraband in the first degree) creates a Class D felony when a person "knowingly introduces dangerous contraband into a detention facility or a penitentiary...."[2] Taylor was arrested for public intoxication.[3] After the arrest, and before entering the Montgomery County Regional Detention Center, the officer asked Taylor twice if he had any marijuana on his person. The officer also warned Taylor that taking marijuana into a detention facility could result in felony charges. Both times Taylor denied he had marijuana, and a pat down did not reveal any contraband. Taylor was taken inside and turned over to the jailer, who strip searched him. A small packet of marijuana was found tucked in Taylor's buttocks.

Taylor was tried for promoting contraband in the first degree.[4] He moved to suppress the marijuana, and also moved for a directed verdict at the close of the Commonwealth's and the defense's case-in-chief. The trial court denied the motions. Taylor was convicted of promoting contraband in the first degree and received a one-year sentence. The Court of Appeals, although finding the issue of whether Taylor performed a voluntary act to be unpreserved, nevertheless discussed the issues and affirmed. This Court granted discretionary review. Taylor requests that, if this Court opines the issue of whether the act was voluntary was not fully preserved, it conduct a palpable error review under RCr 10.26.

■ Taylor's argument on appeal is that a person does not knowingly and voluntarily take contraband into a detention facility when he is taken involuntarily into the facility. We disagree. A person who is aware of the contraband on his or her person, who is taken involuntarily into a detention facility, satisfies the "knowingly" element of KRS 520.050(1)(a).[5] As for Taylor's argument that his act was involuntary, an act is deemed voluntary when "performed consciously as a result of effort or determination and includes the possession of property if the actor was aware of his physical possession or control thereof for a sufficient period to have been able to terminate it."[6] Taylor voluntarily took possession of and hid the contraband, and he could have disposed of it before entering the facility.

■ What happened after Taylor's arrest for public intoxication (his possession of the marijuana) was not the result of improper state action, but the consequence of his simultaneous illegal actions. Granted, Taylor was in a "Catch–22." If he disclosed the contraband before he entered the facility, he faced a possession charge. If he did not disclose the contraband and it was discovered in the facility, he faced a

ble mental state and a voluntary act.

2.  KRS 520.050(1)(a). KRS 520.010(3) includes marijuana as dangerous contraband.

3.  There is some dispute as to whether police read Taylor his *Miranda* rights.

4.  Other charges in this case are not at issue in this appeal.

5.  See KRS 501.020(2) ("A person acts knowingly ... when he is aware that his conduct is of that nature or that the circumstance exists.")

6.  KRS 501.010(3).

charge for knowingly taking it in the facility.[7] But this does not make Taylor's action involuntary.

■ This is a case of first impression in Kentucky. Taylor cites an Ohio Court of Appeals case, *State v. Sowry*, as supportive of his argument. In *Sowry*, the Court of Appeals opined that a person who was involuntarily brought into a detention facility could not be deemed to have voluntarily brought in contraband hidden on his person.[8] However, a recent Ohio Supreme Court decision rejected this reasoning and opined that a person involuntarily taken into a detention facility, knowing he has contraband on his person, has committed a voluntary act in carrying in the contraband.[9] Likewise, appellate courts in other jurisdictions have opined that a person who knowingly takes contraband into a detention facility does so voluntarily, even when the person is taken in involuntarily.[10] We believe that this outside authority is persuasive. We opine the trial court did not err in denying a directed verdict on this issue, thus we need not review for a palpable error under RCr 10.26.

■ Taylor also asserts that he was not free to, nor could he have, disposed of the contraband before he entered the facility because to do so would have incriminated him in violation of his Fifth Amendment rights. Taylor had a choice because of his knowing and voluntary possession of marijuana: he could waive his Fifth Amendment right and not face the promoting contraband charge, or he could not waive his Fifth Amendment right and face a separate (and in this case, a more serious) charge if caught. His conscious choice was a gamble, and he lost. The Fifth Amendment does not entitle Taylor to a pass, or convert his voluntary illegal action of possession to an involuntary action when he is involuntarily taken into the facility. Asserting his right to not incriminate himself does not prevent the further investigation, nor the use of the fruits of that investigation. Likewise, a number of courts have rejected the notion that there is a right to be protected from having to make difficult choices regarding whether to invoke the Fifth Amendment right against self-incrimination.[11]

For the foregoing reasons, the opinion of the Court of Appeals is affirmed.

All sitting. All concur.

---

7. In this case it was the difference between a misdemeanor and a felony, but depending on the contraband, it could be the difference between felonies.

8. 155 Ohio App.3d 742, 803 N.E.2d 867 (2004).

9. *State v. Cargile*, 123 Ohio St.3d 343, 916 N.E.2d 775 (2009).

10. *See State v. Alvarado*, 219 Ariz. 540, 200 P.3d 1037 (Ariz.Ct.App.2008); *State v. Winsor*, 110 S.W.3d 882 (Mo.Ct.App.2003); *Brown v. State*, 89 S.W.3d 630 (Tex.Crim.App.2002).

11. *See Cargile*, 916 N.E.2d at 777–78 ("The constitutional right to remain silent does not

confer upon a defendant the privilege to lie, or the right to be protected from having to make difficult choices regarding whether to invoke the right to remain silent.") (internal citations omitted); *People v. Ross*, 162 Cal. App.4th 1184, 1191, 76 Cal.Rptr.3d 477 (2008) (disclosure of weapon possession upon booking into detention facility); *State v. Canas*, 597 N.W.2d 488, 496 (Iowa 1999), *overruled on other grounds by State v. Turner*, 630 N.W.2d 601 (Iowa 2001) (controlled substance in a detention facility). *But see State v. Thaxton*, 190 Or.App. 351, 79 P.3d 897 (2003); *State v. Tippetts*, 180 Or.App. 350, 43 P.3d 455 (2002).