80 So.3d 1088 (2012)
M.A.F., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-5196.
District Court of Appeal of Florida, Second District.
February 17, 2012.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Pamela Jo Bondi, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
The State filed a delinquency petition charging M.A.F. with the introduction of contraband into a county detention facility and possession of not more than twenty grams of marijuana. M.A.F. appeals from the disposition order that adjudicates him delinquent and commits him to a minimum risk facility. Because the evidence was insufficient to prove that he introduced or possessed marijuana in the county jail, we reverse his adjudication of guilt for that offense.
*1089 The record of the adjudicatory hearing reveals that Deputy Mendelson stopped M.A.F. outside a movie theater because he saw M.A.F. smoking a cigar. The deputy asked M.A.F. for identification with the intention of giving him a citation for underage possession of tobacco products. Upon checking M.A.F.'s record, the deputy found an outstanding "juvenile pick-up order." He searched and handcuffed M.A.F. and put him in the back seat of his patrol car. The deputy also took custody of the backpack M.A.F. was carrying and searched it but found no contraband. He placed the backpack in the front seat of the car. On the way to the jail, Deputy Mendelson warned M.A.F. that if he was carrying any drugs he should reveal them because he could be charged with introducing contraband into a county jail. M.A.F. said he had no drugs. At the jail, Deputy Westlake took custody of M.A.F. and the backpack. Shortly thereafter, Deputy Westlake found a small amount of marijuana concealed in a pocket of the backpack.
Defense counsel moved to dismiss the introduction of contraband charge, arguing that M.A.F. did not possess the backpack when he came to the jail; rather, it was Deputy Mendelson who brought the backpack (and the marijuana) into the jail. The court rejected M.A.F.'s argument, finding as follows:
[M.A.F.] was aware that the contraband was coming in, even though through the assistance of the sheriff's office in carrying the backpack for him, it was going in, that it was being searched, and he did not take steps to insure that contraband did not come into the correctional facility as a result of it being in his backpack.
Thus, the trial court essentially found that M.A.F. was in constructive possession of the marijuana when entering the jail.
Constructive possession exists when the accused, without physical possession of the controlled substance, knows of its presence and has the ability to maintain control over it. See Byers v. State, 17 So.3d 825, 827 (Fla. 2d DCA 2009). While M.A.F.'s awareness that his backpack was coming into the facility tended to prove the element of knowledge of the presence of contraband, it did not establish that he had the ability to maintain control of it. See State v. Getzinger, 189 Or.App. 431, 76 P.3d 148, 149-50 (2003) (holding that the evidence was insufficient to prove the offense of "supplying" contraband to a jail because the defendant was not in possession of the drugs when he was taken to jail where the arresting officer entered the jail with the drugs). On the contrary, once the deputy placed M.A.F. in the patrol car, M.A.F. was separated by a glass window from the backpack on the front seat and he did not have access to the bag again. Accordingly, we affirm the finding of guilt of possession of marijuana and reverse the finding of guilt of introduction of contraband into a correctional facility.
Affirmed in part; reversed in part.
CRENSHAW and BLACK, JJ., Concur.