PER CURIAM
*394 *575 Defendant, who was convicted of possession of methamphetamine (Count 1), ORS 475.894, and supplying contraband (Count 2), ORS 162.185,[1] appeals. On appeal, defendant challenges his conviction for supplying contraband, asserting that the trial court plainly erred in failing to enter a judgment of acquittal on that charge because there was no evidence in the record that defendant performed a voluntary act directed toward introducing contraband into a correctional facility.[2] See State v. Ortiz-Valdez , 190 Or. App. 511, 514-15, 79 P.3d 371 (2003) (to be convicted of supplying contraband, a defendant must perform a voluntary act directed toward introducing contraband to a correctional facility). The state concedes that the trial court plainly erred when it failed to enter a judgment of acquittal on the supplying contraband charge, and that the conviction on that count should be reversed. We agree, accept the state's concession, and, for the reasons set forth in State v. Lusk , 267 Or. App. 208, 213-16, 340 P.3d 670 (2014), exercise our discretion to correct the error.
Conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed.

ORS 162.185 provides:
"(1) A person commits the crime of supplying contraband if:
"(a) The person knowingly introduces any contraband into a correctional facility, youth correction facility or state hospital; or
"(b) Being confined in a correctional facility, youth correction facility or state hospital, the person knowingly makes, obtains or possesses any contraband.
"(2) Supplying contraband is a Class C felony."

Although defendant moved for a judgment of acquittal at trial, his motion was based on a different theory than the one that he argues on appeal.