Submitted on record and briefs August 4, affirmed December 27, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# JEFFREY E. BOLY,
*Appellant.*

# Z131-5956; A126514

149 P3d 1237

Jeffrey E. Boly filed the briefs *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for failure to obey a traffic control device. ORS 811.265. He challenges the sufficiency of the evidence in several respects. We affirm.

The relevant facts are not in dispute. Defendant drove his vehicle westbound across the Morrison Bridge in Portland. A sign is posted on a "signed bridge" approximately 18 feet above the traffic lanes stating, "No lane changes on steel grating." Portland Police Officer Larson observed defendant drive under the sign and onto the steel grating section of the bridge and then, while on the grating, change lanes. Defendant received a citation for failure to obey a traffic control device.

At trial, Larson testified as to the sign's location and positioning:

"It's on the signed bridge that goes across the whole bridge on the east side of the steel grating for westbound traffic. So, in other words, it's warning you prior to crossing the steel grating. More specifically, it was directly above the right-hand lane, which [defendant was] in. It was 115 feet east of the—where the steel grating begins, so it's giving you advance warning prior to crossing the steel grating."

Larson further testified that the lettering on the sign was clearly legible and placed so that motorists entering the far right-hand lane of traffic have adequate time to change lanes without having to do so on the grating.

At the close of the state's evidence, defendant argued, among other things, that the state had failed to establish that the sign was in proper position as required by law. The trial court rejected defendant's argument and found him guilty of the offense.

■ On appeal, defendant argues that the trial court erred in rejecting his contention that the state must prove the proper location and placement of the sign as an element of its case. The state responds that it is not obligated to establish that fact and that, under the relevant statutes, the lack of

proper positioning of a sign is an affirmative defense to the offense with which defendant was charged.

ORS 811.265 provides, in part, that

"(1)  A person commits the offense of driver failure to obey traffic control device if the person drives a vehicle and the person does any of the following:

"(a)  Fails to obey the directions of any traffic control device."

ORS 810.250(1), however, provides that

"A person shall not be convicted of violating a provision of the vehicle code for which an official traffic control device is required if the device is not in proper position and legible to a reasonably observant person at the time and place of the alleged violation."

At issue in this case is whether the exception stated in ORS 810.250(1) means that the state must prove, as part of its case, that the traffic control device was in proper position or that defendant must prove, as an affirmative defense, that the device was not in proper position.

In *State v. Vasquez-Rubio*, 323 Or 275, 278, 917 P2d 494 (1996), the Supreme Court explained that whether a statutory provision describes an element of the state's case or an affirmative defense is a matter of legislative intent, ascertained by application of the interpretive principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). That requires an examination of the text in context, along with relevant rules that bear on such textual analysis, and, if necessary, legislative history and other aids to construction. *Id.* at 610-12. In *Vasquez-Rubio*, the court noted that one such rule of textual analysis—"part of the case law of this state for over 100 years"—is the rule of so-called "negative exceptions," sometimes referred to as the rule of "negative averments." *Id.* at 278. That rule provides that, when a statutory provision is plainly set out as an exception that stands apart from the description of the elements of an offense, the state is not required to negate the exception; rather, the exception constitutes an affirmative defense, which the defendant must establish to prevail. *Id.* at 278-80. Whether a statute is plainly set out as an exception is usually

signified by the use of "words of limitation," such as "except that," "however," or "provided that." *Id.* at 281.

Thus, for example, ORS 166.250 prohibits the unlawful possession of certain firearms. ORS 166.260(1)(a) then provides that "ORS 166.250 does not apply to or affect," among others, sheriffs, constables, marshals, police officers, and the like. The Supreme Court explained in *Vasquez-Rubio* that the phrasing of ORS 166.260(1)(a) provides an example of a statute plainly set out as an exception that stands apart from the description of the offense itself. *Id.* at 281.

In contrast, the court continued, ORS 166.272 provides that a person commits the crime of unlawful possession of a machine gun "if the person knowingly possesses any machine gun * * * not registered as required under federal law." The phrase, "not registered under federal law," the court explained, is not set apart from the rest of the definition of the offense. Instead, the court concluded, the phrase functions as a modifier of the type of machine gun that it is unlawful to possess and is, thus, an element of the offense. *Id.* at 280.

In this case, ORS 811.265 plainly describes the elements of the offense of failure to obey a traffic control device. The statute gives no indication that the proper positioning of the device is a fact that the state must establish as an element of the offense. The statute does not mention the positioning of the device at all. To the contrary, it provides that the state proves the offense by establishing that a person "[f]ails to obey the directions of *any* traffic control device." ORS 811.265 (emphasis added).

The positioning of a traffic control device comes into play in an entirely separate statute, ORS 810.250(1), which begins with the declaration that "[a] person shall not be convicted of" violating ORS 811.265 "if the device is not in proper position." ORS 810.250(1) thus begins with the required "words of limitation." In fact, the statute directly parallels the one that the court in *Vasquez-Rubio* cited as an example of a statute that stands apart from the statute that defines the elements of the offense and instead describes an affirmative defense that a defendant must prove to prevail. *Id.* at 281.

We conclude that the proper positioning of a traffic control device is not an element of the offense of failure to obey a traffic control device. It is, instead, a fact that a defendant is entitled to establish by way of affirmative defense.

Defendant advances other arguments on appeal, which we reject without discussion.

Affirmed.