Submitted September 23, 2014, reversed and remanded September 2, 2015

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DAVID LUKE ABRAM,**
*Defendant-Appellant.*

Marion County Circuit Court
12C43548; A153191

359 P3d 431

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Defendant appeals a judgment of conviction for unlawful possession of a firearm. ORS 166.250. Under ORS 166.250(1), a person commits that crime by, among other things, knowingly carrying "any firearm concealed upon the person." For purposes of that statute, "[f]irearms carried openly in belt holsters are not concealed." ORS 166.250(3). Defendant assigns error to the trial court's failure to instruct the jury that "the state must prove beyond a reasonable doubt * * * that the firearm was not carried openly in a belt holster." As explained below, we conclude that the trial court so erred and, accordingly, we reverse and remand.

The following evidence was presented at trial. In May 2012, Kast, a deputy of the Marion County Sheriff's Office, responded to a report of a shot possibly having been fired in a home where children were present. Having learned that defendant drove away from that house, Kast stopped the vehicle defendant was driving to investigate the report. Defendant's children were in the vehicle with him. Kast observed at least one of the children in the truck with defendant, and instructed defendant to hold his hands up. Defendant confirmed to the officer that he had a gun.

Once defendant was out of the vehicle, according to Kast, he then had defendant turn around and Kast took the gun, which was loaded, from a holster on the waist band of defendant's pants. Kast testified that he did not see the gun until he "got up close" to defendant and that the gun was under defendant's clothing. In response to the prosecutor's question about whether the gun and holster were concealed by defendant's clothing, Kast testified, "I didn't see them."

Defendant, for his part, testified that he wore the holster on his belt and demonstrated for the jury how he wore the holster. According to defendant, the gun he carried was "bulky" and "not really meant to be a concealed firearm in any way, shape or form." He stated that, if he carried the gun inside his pants at his back, it "would cause [him] such pain that [he] would have stopped and pulled the firearm out." Defendant's daughter also testified that she saw defendant carrying the gun in his holster clipped onto his belt and that his shirt was "back behind it" both before he

got in and also when he got out of the vehicle on the day in question.

Defendant was charged, under ORS 166.250, with unlawful possession of a firearm. The charging instrument alleged that defendant, "on or about May 10, 2012, in Marion County, Oregon, did unlawfully and knowingly carry a firearm concealed upon the person." At trial, defendant requested that the jury be instructed that, to convict him of unlawful possession of a firearm, the state was required to prove beyond a reasonable doubt that the firearm was not carried openly in a belt holster. Specifically, defendant requested the following jury instruction:

"UNLAWFUL POSSESSION OF A FIREARM

"Oregon law provides that a person commits the crime of unlawful possession of a firearm if that person knowingly carries any firearm concealed on his person.

"In this case, to establish the crime of unlawful possession of a firearm, the state must prove beyond a reasonable doubt the following four elements:

"(1) The act occurred in Marion County, Oregon;

"(2) The act occurred on or about May 10, 2012;

"(3) [Defendant] knowingly carried a firearm concealed on his person; and

"(4) The firearm was not carried openly in a belt holster."

Defendant asserted that the instruction was appropriate pursuant to ORS 166.250(3). The trial court, however, declined to give the instruction, noting that "the uniform instruction * * * does not contain the fourth element, even as an option" and that it would "not giv[e] that as an element of the crime."

On appeal, defendant asserts that the trial court erred in refusing to give his requested jury instruction. When reviewing the trial court's failure to give defendant's requested jury instruction, we view the facts in the light most favorable to defendant, *State v. Oliphant*, 347 Or 175, 178, 218 P3d 1281 (2009), and we review the trial court's refusal to give the requested instruction for errors of law, *State v.*

*Branch*, 208 Or App 286, 288, 144 P3d 1010 (2006). "A party is generally entitled to have the court instruct a jury on a legal principle if there is evidence to support it and the proposed instruction accurately states the law." *State v. McNally*, 272 Or App 201, 207, 353 P3d 1255 (2015). "Instructional error exists where the instructions give the jury an incomplete and thus inaccurate legal rule to apply to the facts * * *." *State v. Bistrika*, 261 Or App 710, 728, 322 P3d 583, *rev den*, 356 Or 397 (2014) (internal quotation marks omitted).

ORS 166.250, which defines the crime of unlawful use of a weapon, provides, in part:

"(1) Except as otherwise provided in this section or [other statutory sections not applicable here], a person commits the crime of unlawful possession of a firearm if the person knowingly:

"(a) Carries any firearm concealed upon the person;

"(b) Possesses a handgun that is concealed and readily accessible to the person within any vehicle; * * *

"* * * * *

"(3) Firearms carried openly in belt holsters are not concealed within the meaning of this section."

Defendant argues that, by "defining 'concealed' to exclude firearms carried openly in holsters, ORS 166.250(3) requires the state to prove that the firearm was not carried openly in a belt holster *in order to prove that the firearm was concealed*." (Emphasis in original.) Defendant also contends that the requested instruction "correctly identified the required factual finding—whether the firearm was carried openly in a belt holster—and correctly allocated the burden of proof on that factual finding—to the state, beyond a reasonable doubt." In addition, according to defendant, the instruction "correctly identified that factual finding as an 'element' because, in common parlance, an element of a crime is simply a constituent part of the crime that the state must prove beyond a reasonable doubt." The state, for its part, asserts that the trial court properly declined to give defendant's requested instruction because, although it was based on defendant's "theory of the case, which the evidence supported," it misstated the law. Specifically, according to

the state, the "belt holster" provision in ORS 166.250(3) is a defense and not an element of unlawful possession of a firearm and, therefore, the trial court "properly refused to give defendant's requested instruction, which incorrectly made the 'belt holster' exception an element of the charged offense."

We need not decide whether the belt holster issue is an element of the offense or a defense because, in either case, we conclude that defendant's instruction correctly set forth the factual finding that the jury was required to make to convict defendant. The instruction also properly allocated the burden to the state to prove that fact beyond a reasonable doubt. Accordingly, under the circumstances, the proposed jury instruction correctly stated the law.

The state has the burden to prove each element of an offense beyond a reasonable doubt. *See State v. Rainey*, 298 Or 459, 465, 693 P2d 635 (1985). The same burden of proof applies to the state where a defendant, through affirmative evidence in his case-in-chief, raises a defense other than an affirmative defense. ORS 161.055 specifically provides:

"(1)   When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt.

"(2)   When a defense, declared to be an 'affirmative defense' by chapter 743, Oregon Laws 1971, is raised at trial, the defendant has the burden of proving the defense by a preponderance of the evidence.[1]

"(3)   The state is not required to negate a defense as defined in subsection (1) of this section unless it is raised by the defendant. 'Raised by the defendant' means either notice in writing to the state before commencement of the trial or affirmative evidence by a defense witness in the defendant's case in chief."

*See also State v. Honzel*, 177 Or App 35, 41, 33 P3d 346 (2001) ("ORS 161.035(2) authorizes the application of ORS

---

[1] "Oregon Laws 1971, Chapter 743, was the 'Oregon Criminal Code of 1971,' a major overhaul of the state's criminal statutes. Affirmative defenses to crimes defined in that act were set forth and labeled as affirmative defenses, in the sections defining the pertinent offenses." *State v. Haley*, 64 Or App 209, 211 n 1, 667 P2d 560 (1983).

161.055 to statutes defining offenses and defenses outside those declared by chapter 743."). Thus, if the holster issue is either an element or a defense other than an affirmative defense, the state had the burden of proof beyond a reasonable doubt.

Here, the carrying of a firearm openly in a belt holster is not explicitly "declared to be an 'affirmative defense'" under the statutory text. *See id.* at 41 (noting no "affirmative defense" language in the text or context of the statute at issue); *cf. State v. Velykoretskykh*, 268 Or App 706, 707-08, 343 P3d 272 (2015) (under ORS 811.180(1), it is an affirmative defense to driving with a suspended license that the defendant has not received notice of the suspension); *State v. Lyon*, 65 Or App 790, 792-93, 672 P2d 1358 (1983) (by statute, it is an affirmative defense to a charge of murder that, at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance). Furthermore, the text and context of ORS 166.250 do not set out the "belt holster" issue as an exception that stands apart from the elements of the offense. *See State v. Boly*, 210 Or App 132, 135, 149 P3d 1237 (2006) (generally, where "a statutory provision is plainly set out as an exception that stands apart from the description of the elements of the offense, the state is not required to negate the exception; rather, the exception constitutes an affirmative defense, which the defendant must establish to prevail"); *State v. Vasquez-Rubio*, 323 Or 275, 278, 917 P2d 494 (1996) (we discern legislative intent regarding whether a fact constitutes an affirmative defense by examining statutory text and context); *see also State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). *Cf. State v. Stroup*, 290 Or 185, 206, 620 P2d 1359 (1980) (Linde, J., concurring) (due process "only permits assigning to the defendant the burden to show 'affirmative defenses' that are recognized as 'mitigating circumstances,' *i.e.*, circumstances that to some specified degree 'exculpate or mitigate' conduct which otherwise includes all elements of the crime" (quoting *Patterson v. New York*, 432 US 197, 206-07, 97 S Ct 2319, 53 L Ed 2d 281 (1977) (citation omitted)).

To convict defendant pursuant to ORS 166.250(1)(a), the state was required to prove that defendant carried a firearm "concealed upon [his] person." Subsection (3) explains

the meaning of the word "concealed," as used in the statute. As defined in that subsection, when firearms are "carried openly in belt holsters," they are "not concealed within the meaning of this section." Thus, ORS 166.250(3) does not set forth an affirmative defense, that is, an exception to liability in a case where a defendant's conduct already meets the statutory elements of a criminal offense. Instead, it defines the contours of one of those elements. To meet its burden of proof, the state is required to demonstrate that the defendant "concealed" the firearm on his person. The definition of the term "concealed" cannot be satisfied by a firearm that is carried openly in a belt holster. Thus, ORS 166.250(3) provides "a necessary ingredient" of the definition of the offense.[2] *Vasquez-Rubio*, 323 Or at 279 (internal quotation marks omitted); *see also Boly*, 210 Or App at 136 (usually, an affirmative defense is "signified by the use of words of limitation" (internal quotation marks omitted)). "[T]he plain language of ORS 166.250 does not make it unlawful for a person to carry a firearm openly in a belt holster * * *." *State v. Fisher*, 100 Or App 149, 152, 785 P2d 369, *rev den*, 309 Or 522 (1990); *see also State v. Johnson*, 96 Or App 166, 168-69, 772 P2d 426 (1989) (a knife carried in "sheath partially covered by [the] defendant's jacket [is] not 'concealed'" (citing ORS 166.250(3)). Thus, given the facts presented at trial, in order to obtain a conviction for unlawful possession of a firearm, the state had the burden to prove beyond a reasonable doubt that defendant's gun was not carried openly in a belt holster, and defendant's proposed jury instruction correctly stated the law in that regard.

Furthermore, even if the holster issue is a defense that the state has the burden to disprove where defendant's evidence puts it at issue, rather than an element that the state must prove in all cases, defendant's jury instruction should have been given in this case. Again, the proposed instruction stated that, "[i]n this case, to establish the

---

[2] In contrast, ORS 166.260 states that "ORS 166.250 does not apply to or affect" a number of classes of persons, including police officers, members of the military, and persons with concealed weapons permits. Thus, that statute sets out exceptions to the prohibition set forth in ORS 166.250(1). As we explained in *Honzel*, "[w]hen viewed in context, ORS 166.250 establishes the reach of the statute, and ORS 166.260 qualifies or limits that reach based on specific circumstances." 177 Or App at 40.

crime of unlawful possession of a firearm," the state was required to "prove beyond a reasonable doubt" a number of "elements," including that defendant "knowingly carried a firearm concealed on his person" and that "[t]he firearm was not carried openly in a belt holster." It is immaterial that the instruction introduced the required finding as an "element" that the state must prove. That characterization of the facts that the state was required to prove would have had no tendency to mislead the jury. *See Leonard v. Moran Foods, Inc.*, 269 Or App 112, 131, 343 P3d 693, *rev den*, 357 Or 324 (2015) (jury instructions that would be reasonably capable of confusing or misleading the jury should be avoided). Generally, elements of a particular crime must always be proved by the state, while defenses must be disproved only in cases where they are raised by the defendant. *See* ORS 161.055(3). However, in this case, the holster issue was raised by defendant by "affirmative evidence" during defendant's case-in-chief. *Id.* Thus, the instruction correctly set forth the facts that the jury must find, stated the burden of proof, and allocated that burden to the state. And, as the state acknowledges, the evidence and defendant's theory of the case supported the giving of that instruction. Furthermore, the instructions as given, in the absence of an instruction on the belt holster issue, gave the jury an incomplete and, thus, inaccurate legal rule to apply to the facts of this case. To convict defendant in this case, the jury was required to determine beyond a reasonable doubt that defendant had not carried the firearm openly in a belt holster. The jury should have been so instructed.

Reversed and remanded.