No. 26 January 22, 2026 583

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUBY MARIE STUTZMAN,
*Defendant-Appellant.*

Linn County Circuit Court
21CR28716; A180090

Michael B. Wynhausen, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Defendant appeals from a judgment of conviction for unlawful possession of a firearm.[1] On appeal, she raises two assignments of error. In the first, she argues that the trial court erred in denying her motion for judgment of acquittal (MJOA) and, in the second, she argues that the court plainly erred in failing to instruct the jury on the statutory definition of "readily accessible." For the reasons that follow, we affirm.

Briefly, for context, the facts of this case involve defendant having pointed a handgun at another person during a confrontation outside their respective vehicles. Defendant's handgun had been in her car with her before that confrontation, and evidence supported an inference that the gun had been in the car's glovebox; she brought it with her upon reentering the car after the confrontation. Police retrieved the handgun from the center console of defendant's car.

The state charged defendant under ORS 166.250(1)(b) with "knowingly possess[ing] a handgun that was concealed and readily accessible to the defendant within any vehicle." ORS 166.250(4) provides that a handgun is "readily accessible" "if the handgun is within the passenger compartment of the vehicle," but also provides the exception that, if the vehicle "has no storage location that is outside the passenger compartment of the vehicle," the handgun is not "readily accessible" if "[t]he handgun is stored in a closed and locked glove compartment, center console or other container" and the key is not in the lock, if the container unlocks with a key. ORS 166.250(4)(b).

*Motion for judgment of acquittal*. In her first assignment of error, defendant argues that the trial court erred in denying her MJOA because the evidence was insufficient for a rational trier of fact to find that defendant had knowingly possessed a handgun that was concealed and readily accessible in her car. In particular, defendant argues that there was no evidence whether the handgun was in an *unlocked* glovebox or center console, whether the car had a separate

---

[1] The jury acquitted defendant on a charge of pointing a firearm at another.

trunk area, or whether the handgun was *concealed* in the center console.

On review of the denial of an MJOA, we view the evidence in the light most favorable to the state and determine whether a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Hejazi*, 323 Or App 752, 754-55, 524 P3d 534 (2023). However, "[w]e typically will not review a claim of error on appeal 'unless the claim of error was preserved in the lower court ***.'" *State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) (quoting ORAP 5.45(1)). Here, we reject defendant's assignment of error because it was not sufficiently preserved for appellate review and defendant does not request plain error review.

In the trial court, defendant made two arguments to support her MJOA with respect to the unlawful possession of a firearm charge: (1) that the Second Amendment to the United States Constitution "precludes the unlawful possession of the firearms from going forward," and (2) that "it is the right for a person to defend themselves." Defendant did not assert any argument based on the exception to "readily accessible" in ORS 166.250(4)(b), nor did defendant make any argument that pointed to a deficiency in the state's evidence with respect to the essential elements of the offense under ORS 166.250(1)(b). Because defendant's argument on appeal is qualitatively different than the arguments raised below, defendant failed to preserve her first assignment of error, and we reject it on that basis. Also, defendant has not requested plain error review and thus we do not consider it.

*Jury Instruction*. In her second assignment of error, defendant argues that the trial court erred in failing to instruct the jury that "readily accessible" includes the entire passenger compartment of a vehicle, ORS 166.250(4)(a), but with the exception to that definition for locked compartments, ORS 166.250(4)(b). Defendant acknowledges that she did not preserve this assignment of error but asserts that we should address it as plain error.

A plain error must be an error of law; obvious, and not reasonably in dispute; and it must appear on the face

of the record. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). If an error is plain, we must then determine whether to exercise our discretion to correct the error. *Id.* We conclude that defendant has not identified a plain error because any error was not obvious. *See State v. Gaines*, 275 Or App 736, 746, 365 P3d 1103 (2015) ("[F] or us to decide whether instructional error is plain error, our analysis is normally limited to determining whether the error was 'obvious.'").

Here, the trial court instructed the jury that the elements of the crime that the state had to prove beyond a reasonable doubt were "[t]hat the act occurred on or about May 31st, 2021, and that [defendant] knowingly possessed a handgun that was concealed and readily accessible to her within a vehicle." On appeal, defendant now argues that the trial court also had to *sua sponte* instruct the jury on the meaning of "readily accessible" under ORS 166.250(4), and, specifically, the ORS 166.250(4)(b) exception to "readily accessible." However, it is not obvious that the exception in paragraph (4)(b) is part of the offense elements, rather than a defense, because the text of the rule explicitly sets it out as an exception. *See State v. Boly*, 210 Or App 132, 135, 149 P3d 1237 (2006) (explaining the textual analysis "negative exceptions" rule, which provides that "when a statutory provision is plainly set out as an exception that stands apart from the description of the elements of an offense, the state is not required to negate the exception; rather, the exception constitutes an affirmative defense, which the defendant must establish to prevail"). Also, the application of paragraph (4)(b) to this case was not obvious based on the evidence presented or arguments made at trial. *Cf. State v. Moravek*, 297 Or App 763, 773, 444 P3d 521, *rev den*, 365 Or 533 (2019) ("We are aware of no cases, and the parties have presented none, in which a trial court erred for failing to *sua sponte* instruct a jury on either an affirmative defense or a defense that had not been raised by [the] defendant."). Because any instructional error was not obvious, we reject defendant's second assignment of error.

Affirmed.